UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

BRANDI JAMISON, Individually and on
Behalf of All Others Similarly Situated,

Plaintiffs,

v.

POLYGROUP NORTH AMERICA, INC. and
POLYGROUP SERVICES N.A. INC.,

Defendants.

Case No. 1:25-CV-10222

Honorable Jeremy C. Daniel

**MEMORANDUM IN SUPPORT OF
<u>POLYGROUP NORTH AMERICA, INC.'S MOTION TO DISMISS</u>**

## TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................... 1

PLAINTIFF'S ALLEGATIONS ............................................................................... 2

ARGUMENT ............................................................................................................ 3

A.  Plaintiff Lacks Standing Under Federal Rule of Civil Procedure 12(b)(1). .......... 3

1.  Plaintiff Lacks Standing to Bring Claims Based on Purchases of Products She Did Not Purchase. ................................................................. 3

2.  Plaintiff Lacks Standing to Seek Injunctive Relief. .................................... 4

3.  Plaintiff Lacks Standing to Bring Claims On Behalf of Non-Illinois Residents and Under Non-Illinois Consumer Protection Statutes. ............ 5

B.  Plaintiff Fails to State a Claim under Federal Rule of Civil Procedure 12(b)(6). ...................................................................................................... 6

1.  Plaintiff Fails to Plead Deceptive Conduct or any Misrepresentation. ....................................................................... 6

i.  Plaintiff Fails to Allege Any Actionable Misrepresentation or Omission. ..................................................................... 7

ii.  Plaintiff Fails to Allege She Relied on Any Misrepresentation. ................................................................. 9

iii.  Plaintiff Fails to Allege that Polygroup Had Knowledge of Any Alleged Defect. ...................................................... 10

iv.  Plaintiff Fails to Allege Polygroup Intended to Deceive or Conceal Information. .................................................... 11

2.  Plaintiff's IDTPA Claim (Count VII) Independently Fails. ..................... 12

3.  The Economic Loss Doctrine Bars Plaintiff's Negligent Misrepresentation and Negligence Claims (Counts II and V). ................ 12

4.  Plaintiff Fails to State to a Claim for Unjust Enrichment/Quasi-Contract (Count IV). ................................................................ 13

C.  Plaintiff's Claims Should Be Dismissed as Moot. ................................................ 14

CONCLUSION ....................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acosta-Aguayo v. Walgreen Co.*,
   2023 WL 2333300 (N.D. Ill. Mar. 2, 2023)..................................................................12

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................6, 10

*B. Markoff v. Athena Cosms., Inc.*,
   764 F. Supp. 3d 733 (N.D. Ill. 2025) ..........................................................................13

*Barbara's Sales, Inc. v. Intel Corp.*,
   879 N.E.2d 910 (Ill. 2007) ........................................................................................7, 9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)........................................................................................................6

*In re Boeing 737 MAX Pilots Litig.*,
   638 F. Supp. 3d 838 (N.D. Ill. 2022) ........................................................................9, 13

*In re Bridgestone/Firestone, Inc.*,
   288 F.3d 1012 (7th Cir. 2002) ......................................................................................5

*Brown v. Auto-Owners Insurance Company*,
   2022 WL 2442548 (N.D. Ill. June 1, 2022) ..................................................................5

*Bruno v. Am. Textile Co., Inc.*,
   2023 WL 6976826 (N.D. Ill. Oct. 23, 2023)................................................................11

*Carello v. Aurora Policemen Credit Union*,
   930 F.3d 830 (7th Cir. 2019) ........................................................................................4

*Castillo v. Unilever United States, Inc.*,
   2022 WL 704809 (N.D. Ill. Mar. 9, 2022)..................................................................4, 5

*Cincinnati Life Ins. Co. v. Beyrer*,
   722 F.3d 939 (7th Cir. 2013) ........................................................................................7

*Cleary v. Philip Morris Inc.*,
   656 F.3d 511 (7th Cir. 2011) ...................................................................................13, 14

*Daly v. Glanbia Performance Nutrition, Inc.*,
   2023 WL 5647232 (N.D. Ill. Aug. 31, 2023) ................................................................5

*DeMonte v. Apple Inc.*,
   2024 WL 4119141 (N.D. Ill. Sept. 9, 2024) ..................................................................7

# TABLE OF AUTHORITIES
(continued)

Page(s)

*E.E.O.C. v. Concentra Health Servs., Inc.*,
  496 F.3d 773 (7th Cir. 2007) ..................................................................................6

*Elfaridi v. Mercedes-Benz USA, LLC*,
  2018 WL 4071155 (E.D. Mo. Aug. 27, 2018)........................................................11

*Equal Emp. Opportunity Comm'n v. Flambeau, Inc.*,
  846 F.3d 941 (7th Cir. 2017) ................................................................................14

*Glazewski v. Coronet Ins. Co.*,
  483 N.E.2d 1263 (Ill. 1985)...................................................................................12

*Graham v. Am. Honda Motor Co. Inc.*,
  2025 WL 2576748 (N.D. Ill. Sept. 4, 2025) ............................................................7

*Hadley v. Chrysler Grp., LLC*,
  624 F. App'x 374 (6th Cir. 2015).............................................................................15

*Hongbo Han v. United Continental Holdings, Inc.*,
  762 F.3d 598 (7th Cir. 2014) ..................................................................................8

*Jano Just. Sys., Inc. v. Burton*,
  2008 WL 5191765 (C.D. Ill. Dec. 11, 2008)............................................................7

*Jensen v. Bayer AG*,
  862 N.E.2d 1091 (Ill. App. Ct. 2007) ...................................................................12

*Lanahan v. County of Cook*,
  41 F.4th 854 (7th Cir. 2022) ...................................................................................7

*Letson v. Ford Motor Co.*,
  2024 WL 845844 (E.D. Mich. Feb. 28, 2024).........................................................15

*Lidecker v. Kendall Coll.*,
  550 N.E.2d 1121 (Ill. App. 1990) ............................................................................9

*Ludwig v. FCA US LLC*,
  2025 WL 2400033 (D.N.J. Aug. 19, 2025) ..............................................................9

*Miles v. Am. Honda Motor Co., Inc.*,
  2017 WL 4742193 (N.D. Ill. Oct. 19, 2017)............................................................5

*Miller v. General Motors Corp.*,
  2003 WL 168626 (N.D. Ill. Jan. 26, 2003)..............................................................5

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Nasoordeen v. F.D.I.C.*,
    2010 WL 113588 (C.D. Cal. Mar. 17, 2010) ............................................................14

*O'Connor v. Ford Motor Co.*,
    477 F. Supp. 3d 705 (N.D. Ill. 2020) .....................................................................13

*Pacheco v. Ford Motor Co.*,
    2023 WL 2603937 (E.D. Mich. Mar. 22, 2023) ......................................................15

*Payton v. Cnty. Of Kane*,
    308 F.3d 673 (7th Cir. 2002) .............................................................................4, 5

*Pickens v. Mercedes-Benz USA, LLC*,
    2021 WL 5050289 (N.D. Ill. Nov. 1, 2021) ...............................................7, 9, 11, 12

*United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*,
    836 F.3d 770 (7th Cir. 2016) ...................................................................................7

*Raya v. Mead Johnson Nutrition Co.*,
    758 F. Supp. 3d 819 (N.D. Ill. 2024) ...................................................................4, 8

*Reid v. Unilever U.S., Inc.*,
    964 F. Supp. 2d 893 (N.D. Ill. 2013) .....................................................................12

*Rivera v. Am. Honda Motor Co.*,
    2025 WL 1309536 (N.D. Ill. May 5, 2025) .............................................................15

*Rudy v. D.F. Stauffer Biscuit Co.*,
    666 F. Supp. 3d 706 (N.D. Ill. 2023) .....................................................................12

*Siegel v. Shell Oil Co.*,
    656 F. Supp. 2d 825 (N.D. Ill. 2009) .....................................................................14

*Smith v. Prime Cable of Chicago*,
    658 N.E.2d 1325 (Ill. App. Ct. 1995) .....................................................................12

*Solak v. Ford Motor Co.*,
    683 F. Supp. 3d 658 (E.D. Mich. 2023)..............................................................14, 15

*Sugasawara v. Ford Motor Co.*,
    2019 WL 3945105 (N.D. Cal. Aug. 21, 2019) .....................................................14, 15

*In re Takata Airbag Prod. Liab. Litig.*,
    2023 WL 2388488 (S.D. Fla. Jan. 30, 2023) ...........................................................15

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Tapply v. Whirlpool Corp.*,
  148 F.4th 407 (6th Cir. 2025) ...................................................................................9

*TransUnion LLC v. Ramirez*,
  594 U.S. 413 (2021) ..............................................................................................3, 4

*Tricontinental Indus., Ltd. v. Pricewaterhouse Coopers, LLP*,
  475 F.3d 824 (7th Cir. 2007) ...................................................................................9

*Trujillo v. Apple Computer, Inc.*,
  581 F.Supp.2d 935 (N.D. Ill. 2008) .......................................................................13

*Willard v. Tropicana Mfg. Co.*,
  577 F.Supp.3d 814 (N.D. Ill. 2021) ........................................................................3

*Wilson v. Smartfoods, Inc.*,
  2025 WL 1311070 (N.D. Ill. May 5, 2025) .............................................................4

*Workman v. Deere & Co.*,
  2025 WL 2783558 (C.D. Ill. Sept. 30, 2025) ........................................................15

*Zamani v. SharkNinja, Inc.*,
  2025 WL 1869475 (D. Mass. July 7, 2025)..............................................................8

**Statutes**

Illinois Consumer Fraud Act................................................................................. *passim*

Illinois Uniform Deceptive Trade Practices Act.............................................6, 7, 9, 12

**Other Authorities**

Fed. R. Civ. P.
  8(a) ............................................................................................................................6
  9(b) ................................................................................................................. *passim*
  12(b)(1) ................................................................................................................3, 15
  12(b)(6) ................................................................................................................6, 15

## INTRODUCTION

In July 2025, Polygroup North America, Inc. ("Polygroup")[1] voluntarily participated in a recall of certain above-ground pools (the "Recall") in cooperation with the Consumer Product Safety Commission ("CPSC"). The Recall related to potential concerns about compression straps surrounding the outside of above ground pools that could be used by unsupervised children to gain access to the pool. As part of the Recall, Polygroup provided customers with a repair kit to remove the compression strap while maintaining the structural integrity of the pool for continued use.

Plaintiff does not allege that she or anyone else was ever injured by the Polygroup pool she purchased in 2023. Instead, she alleges that other individuals reported injuries or deaths using other pools. Plaintiff's Complaint (ECF No. 1), and the CPSC statements she apparently purports to rely on as the basis for her complaint, allege no facts to support a claim against Polygroup. Plaintiff's complaint should be dismissed.

First, Plaintiff lacks standing to: (i) bring claims for pools she did not purchase; (ii) seek class wide injunctive relief; or (iii) bring claims on behalf of putative class members residing outside of Illinois. Plaintiff's own claims are also prudentially moot. Second, Plaintiff fails to allege any facts to plausibly support her claims for fraud, violations of the asserted consumer fraud statutes, negligent misrepresentation or negligence. Third, Plaintiff's claims of negligence and negligent misrepresentation are further barred by the economic loss doctrine because Plaintiff fails to allege she suffered any physical injury. Finally, Plaintiff fails to state a claim for quasi-contract or unjust enrichment because she received the repair kit through the Recall and therefore suffered no harm or injury.

---

[1] Polygroup Services N.A. Inc. is the former name of Polygroup and does not exist as an entity under the laws of any state. If this case moves forward, it should be removed from the caption.

## PLAINTIFF'S ALLEGATIONS

Polygroup is a global manufacturer of above-ground swimming pools, with a history of over 30 years in the industry and a reputation for quality and safety in its product offerings. ¶¶ 34, 44–45.[2] At times, Polygroup marketed its pools for family use, and provided owner's manuals with safety instructions, including guidance on removing ladders, keeping unsupervised children and objects away from pools to prevent unauthorized access, and installing fencing around the pool. ¶¶ 2, 44–50, 77. Certain of the pools were designed with external compression straps to maintain structural integrity and stability of the pool walls. ¶ 47. On July 21, 2025, the CPSC, together with Polygroup and other pool manufacturers, announced the voluntary Recall of certain above-ground pools as part of an effort to address potential safety concerns associated with the external compression straps. ¶¶ 6, 60.

Under the terms of the Recall, which continues to be monitored by the CPSC, Polygroup provided consumers with a CPSC-approved repair kit which, as explained to consumers by the CPSC, consists of a "rope that attaches to each of the vertical support poles at the ground level and wraps around the pool" that "will maintain the structural integrity of the pool (a function previously served by the compression strap)."[3] Once consumers "secure the repair," they can "then cut and remove the compression strap from the pool."[4] The repair kit and recall notice included instructions and support resources, including information on how to contact Polygroup for guidance. ¶¶ 65, 66, 68. The Recall was publicly announced, widely disseminated, and remains the subject of open

---

[2] References to "¶__" are to the Complaint; unless noted otherwise, all emphasis is added and internal citations or quotations are omitted.

[3] *See also* Compl. ¶ 5 n.6 (citing *Bestway, Intex, and Polygroup Recall Certain Above-Ground Pools 48 Inches and Taller Due to Drowning Hazard; Nine Deaths Reported; Five Million Pools Sold Since 2002*, CPSC, (last visited Nov. 3, 2025), https://www.cpsc.gov/Recalls/2025/Bestway-Intex-and-Polygroup-Recall-Certain-Above-Ground-Pools-48-Inches-and-Taller-Due-to-Drowning-Hazard-Nine-Deaths-Reported-Five-Million-Pools-Sold-Since-2002).

[4] *Id.*

disclosure on the websites of Polygroup, the CPSC, and in numerous other sources. ¶¶ 5-8.

Plaintiff, an Illinois resident, allegedly purchased her Polygroup Funsicle 22ft x 52ft Round Oasis Above Ground Pool (the "Pool") from Amazon on June 22, 2023. ¶ 29. Plaintiff alleges she was unaware of the risks associated with the compression strap until learning of the Recall in July 2025. ¶ 30. Plaintiff then requested the repair kit but claims she found the instructions confusing and did not install the repair. ¶ 31. Plaintiff does not allege that her Pool caused her or anyone else any injury or other damage. Nevertheless, Plaintiff now seeks relief based on her misguided assertion that no "reasonable consumer" would have purchased her Pool if they knew about the alleged risks, and that the CPSC-approved repair kit provided to her is inadequate. ¶ 26.

## ARGUMENT

### A.    Plaintiff Lacks Standing Under Federal Rule of Civil Procedure 12(b)(1).

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a plaintiff must show she suffered an injury that was likely caused by the defendant that could be redressed by judicial relief. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Under this standard, Plaintiff lacks standing to bring claims (1) arising from products she did not purchase; (2) for injunctive relief; and (3) brought on behalf of a nationwide class and under consumer protection laws of states other than Illinois.

#### 1.    Plaintiff Lacks Standing to Bring Claims Based on Purchases of Products She Did Not Purchase.

Plaintiff lacks standing to pursue claims resulting from purchases of products she never bought. Plaintiff's Complaint implicates five different Polygroup products, but Plaintiff only purchased one: a Funsicle 22ft x 52ft Round Oasis Above Ground Pool which was sold from 2023-2025. ¶ 29; *see* ¶ 1 n.1 (defining "Pools" to include five different Polygroup pools). Plaintiff cannot pursue claims based on Polygroup products she never purchased. *See, e.g.*, *Willard v. Tropicana*

*Mfg. Co.*, 577 F.Supp.3d 814, 823–25 (N.D. Ill. 2021) (relying on *Payton v. Cnty. Of Kane*, 308 F.3d 673, 682 (7th Cir. 2002) to hold "that Plaintiffs lack standing to assert claims over any Products that they did not actually purchase" and plaintiffs are "prohibited from overcoming the requirements of Article III standing simply by arguing that non-purchased products are substantially similar to purchased products"); *Wilson v. Smartfoods, Inc.*, 2025 WL 1311070, at *3 (N.D. Ill. May 5, 2025) (dismissing consumer fraud claims based on purchases for "butter" flavor popcorn because all named plaintiffs purchased "white cheddar" popcorn). Plaintiff "cannot acquire standing to sue for the unpurchased products 'through the back door of a class action.'" *Raya v. Mead Johnson Nutrition Co.*, 758 F. Supp. 3d 819, 829 (N.D. Ill. 2024) (citing *Payton*, 308 F.3d at 682). Consequently, there is no case or controversy for the Court to resolve with respect to the unpurchased products and those claims must be dismissed.

## 2. Plaintiff Lacks Standing to Seek Injunctive Relief.

Plaintiff also lacks standing to seek injunctive relief. Article III requires that a plaintiff "face[ ] a real and immediate threat of future injury" to pursue injunctive relief. *Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 835 (7th Cir. 2019); *see TransUnion LLC*, 594 U.S. at 431 ("[S]tanding is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)"). Plaintiff is plainly aware of the alleged risk associated with the compression strap on her Pool. She saw the Recall, requested the repair, and filed this lawsuit. Moreover, Plaintiff does not allege that she will or must purchase a Polygroup pool again in the future. Where a plaintiff is aware of an allegedly deceptive practice or product defect, they "face no future risks from those products." *Castillo v. Unilever United States, Inc.*, 2022 WL 704809, at *4 (N.D. Ill. Mar. 9, 2022). That Plaintiff purports to seek injunctive relief on a class-wide basis (¶ 27) does not save her claims. A named plaintiff cannot "piggy-back" on the injuries of the unnamed class members to acquire

standing. *See Payton*, 308 F.3d at 682; *Castillo*, 2022 WL 704809, at *4 (dismissing claims for classwide injunctive relief even where "absent putative class members . . . continue to face risks from any unrecalled products"). Plaintiff's request for injunctive relief must be dismissed.

### 3. Plaintiff Lacks Standing to Bring Claims On Behalf of Non-Illinois Residents and Under Non-Illinois Consumer Protection Statutes.

Plaintiff's claims under non-Illinois law also fail for lack of standing. Plaintiff makes no allegation that she purchased or used a Polygroup pool while in a state other than Illinois where she resides. This warrants dismissal of her claims based on non-Illinois state consumer fraud statutes because "it is doubtful that Plaintiff[] will be able to pursue claims based on statutory causes of action created by states where Plaintiff[] neither lived nor w[as] injured" and "discovery will not change" that. *Brown v. Auto-Owners Insurance Company*, 2022 WL 2442548, at *3 (N.D. Ill. June 1, 2022) ("Courts in this District routinely dismiss or strike class claims where named plaintiffs seek to represent proposed class members from other states."). Relatedly, the Court should dismiss Plaintiff's fraud and negligent misrepresentation claims to extent they are brought on behalf of a purported "nationwide class." Here, Illinois' choice of law rules require that the laws of the state where each class member resides and purchased their pool will govern their claims. *Daly v. Glanbia Performance Nutrition, Inc.*, 2023 WL 5647232, at *3 (N.D. Ill. Aug. 31, 2023) (conducting choice of law analysis for common law fraud). Courts routinely find that such nationwide classes are "not manageable" where "claims must be adjudicated under the law of so many jurisdictions." *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1018 (7th Cir. 2002); *Miller v. General Motors Corp.*, 2003 WL 168626, at *1 (N.D. Ill. Jan. 26, 2003) ("Such differences have led the Seventh Circuit to hold that . . . fraud . . . suits may not proceed as nationwide classes."); *Miles v. Am. Honda Motor Co., Inc.*, 2017 WL 4742193, at *5 (N.D. Ill. Oct. 19, 2017) (similar).

Accordingly, Plaintiff's claims on behalf of a nationwide class and claims brought under non-Illinois consumer protection statutes should be dismissed.

**B.     Plaintiff Fails to State a Claim under Federal Rule of Civil Procedure 12(b)(6).**

A complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) and 8(a) if the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (The factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level."). Legal conclusions and conclusory allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681. Plaintiff fails to state a claim under this standard.

***First***, Plaintiff fails to plausibly allege her claims under Federal Rule of Civil Procedure Rule 8(a) and the heightened pleading standard under Rule 9(b), which requires dismissal of her fraud, Illinois Consumer Fraud Act ("ICFA"), Illinois Uniform Deceptive Trade Practices Act ("IDTPA"), negligent misrepresentation and negligence claims. ***Second***, Plaintiff fails to state an IDTPA claim because she cannot plead a likelihood of future injury. ***Third***, Plaintiff's negligence-based claims are further barred under the economic loss doctrine because her only alleged injury is financial. ***Finally***, Plaintiff cannot maintain claims for unjust enrichment or quasi-contract because the Recall precludes any argument of a cognizable detriment to Plaintiff.

**1.     Plaintiff Fails to Plead Deceptive Conduct or any Misrepresentation.**

Plaintiff fails to plausibly allege each of her claims that sound in fraud, including Plaintiff's

claims of common law fraud, negligent misrepresentation, violation of ICFA, and violation of the IDTPA. For claims that sound in fraud, Rule 9(b) requires plaintiff to plausibly allege facts establishing the "who, what, when, where, and how of the fraud" to support her claims. *See United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016).[5] This requires a plaintiff to "allege … specific facts demonstrating what occurred at the individualized transactional level" to maintain a fraud claim. *Lanahan v. County of Cook*, 41 F.4th 854, 862 (7th Cir. 2022). Rule 9(b) further "requires the plaintiff to conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 950 (7th Cir. 2013). Plaintiff fails to meet this exacting standard.

### i. Plaintiff Fails to Allege Any Actionable Misrepresentation or Omission.

Plaintiff's entire Complaint is premised on allegations that Polygroup claimed it sold "[b]est-in-class pools designed for outdoor lifestyles, and trusted for being durable, tested, reliable & safe," in its advertising materials. ¶¶ 48–49. This type of generic advertising statement cannot form the basis of a fraud claim. In *Pickens*, similar general allegations about "safety and quality" were found to be "too vague to form the basis of any fraud claim." *Pickens v. Mercedes-Benz USA, LLC*, 2021 WL 5050289, at *4 (N.D. Ill. Nov. 1, 2021) (collecting cases and finding that generic claims of quality and safety are "generally . . . not actionable."); *Barbara's Sales, Inc. v. Intel Corp.*, 879 N.E.2d 910, 926 (Ill. 2007) (finding "the following phrases as [non-actionable] puffery: 'high-quality,' 'expert workmanship[.]'").

Even if Polygroup's generic advertising statements about safety and quality were

---

[5] *Graham v. Am. Honda Motor Co. Inc.*, 2025 WL 2576748, at *12 (N.D. Ill. Sept. 4, 2025) (Rule 9(b) applies to ICFA claims); *Jano Just. Sys., Inc. v. Burton*, 2008 WL 5191765, at *3 (C.D. Ill. Dec. 11, 2008) (Rule 9(b) applies to IDTPA claims sounding in fraud); *DeMonte v. Apple Inc.*, 2024 WL 4119141, at *5 (N.D. Ill. Sept. 9, 2024) (same for negligent misrepresentation claims).

actionable (they are not), Plaintiff acknowledges that Polygroup disclosed risks associated with its pools, including the risk of drowning. This risk was prominently disclosed in the Owners' Manuals which, according to Plaintiff, alerted purchasers of *Summer Waves* pools to a "Drowning Risk" for children.[6] ¶ 50. Moreover, Polygroup's website devotes an entire page to pool safety because "any pool or body of water presents dangers, especially to young children[.]"[7] Polygroup thus advises consumers to: "Maintain constant supervision over children in or near the pool . . . [;] Secure your pool with appropriate barriers or fencing . . . [;] and "remove pool ladders" because they can be "climbed by children."[8] Plaintiff cannot contend that Polygroup both misrepresented that its pools were "safe" *and* that it disclosed that pools present a potential risk of drowning if children are left unsupervised. *See e.g., Zamani v. SharkNinja, Inc.*, 2025 WL 1869475, *3–4 (D. Mass. July 7, 2025) (dismissing consumer fraud claims where product's user guide included "numerous, explicit disclaimers regarding the very information Plaintiff alleges was deceptively withheld.").

To the extent Plaintiff alleges Polygroup is liable for omitting safety information about the compression straps, her claim still fails because she cannot show the special relationship required to prove fraud by omission. Plaintiff's only omission claim relates to the purchase of her Pool, and arms-length consumer product transactions do not create the "special relationship" required under Illinois law. *See Raya*, 758 F. Supp. 3d at 836 (dismissing fraudulent omission claims because

---

[6] Plaintiff takes issue with Polygroup's disclosure in its Summer Waves Owners' Manual because it discloses a risk of drowning if children gain access to the pool using the ladder but does not disclose that children could also use the compression strap to gain access to the pool. ¶ 50. But this has no application here because Plaintiff does not allege she purchased a Summer Waves pool nor does she allege she saw, much less relied on, any similar owner's manual for her Pool.

[7] Polygroup, www.polygroup.com/poolsafety. The Court may consider the website on a motion to dismiss because it is specifically referenced by the complaint and central to the plaintiff's claim at Compl. n.2, 26-27, 28, 30. *See Hongbo Han v. United Continental Holdings, Inc.*, 762 F.3d 598, 601 n.1-2 (7th Cir. 2014).

[8] *See* n.7, *supra*.

there was no special relationship between company and consumer); *Tapply v. Whirlpool Corp.*, 148 F.4th 407, 420 (6th Cir. 2025) (affirming dismissal of fraudulent concealment claim under Illinois law because plaintiffs lacked a special relationship and there is no "strong basis" in Illinois law to support argument that defendant had a duty to disclose safety risks); *Ludwig v. FCA US LLC*, 2025 WL 2400033, at *18 (D.N.J. Aug. 19, 2025) (holding "Illinois law does not impose a duty on car manufacturers to disclose safety defects"). Finding otherwise "would have wide-ranging implications" because "special relationships would appear all over the place – the relationships would be so prevalent that they would cease to be special." *See In re Boeing 737 MAX Pilots Litig.*, 638 F. Supp. 3d 838, 864 (N.D. Ill. 2022).[9]

Plaintiff's failure to allege any actionable misrepresentation or omission is fatal to her fraud, ICFA, negligent misrepresentation and IDTPA claims.

### ii.    Plaintiff Fails to Allege She Relied on Any Misrepresentation.

Plaintiff's fraud, negligent misrepresentation, negligence and ICFA claims also fail because Plaintiff does not allege she relied on any alleged misrepresentation about the safety of her Pool at the time she purchased it. *Barbara's Sales, Inc.*, 879 N.E.2d at 925–27 (A defendant's purportedly "deceptive" conduct or statements are actionable under ICFA only if the plaintiff "actually saw and was deceived by the statement[] in question."); *Lidecker v. Kendall Coll.*, 550 N.E.2d 1121, 1124 (Ill. App. 1990) ("[J]ustifiable reliance by plaintiff" is an element of fraud); *Tricontinental Indus., Ltd. v. Pricewaterhouse Coopers, LLP*, 475 F.3d 824, 833–34 (7th Cir. 2007) (alleging "reliance" is required for negligent misrepresentation).

Plaintiff does not allege she saw any of the statements made by Polygroup on the Funsicle website. *See* ¶¶ 48–50. Indeed, she does not allege she ever visited a Polygroup or Funsicle-

---

[9] Such a duty applies equally to Plaintiff's negligence claim. *See Pickens*, 2021 WL 5050289 at *5 (dismissing a negligence claim where plaintiff failed to allege a fiduciary relationship).

branded website – she alleges she purchased her Pool on Amazon. ¶ 29. Neither does Plaintiff allege that she reviewed any owner's manual for the Pool she purchased; instead, she cites to an owner's manual for a different pool, which did disclose the risk of drowning in a pool and advised to "keep unsupervised children from accessing the pool by installing fencing or other approved barrier around all sides of pool." ¶ 50 n.32. Plaintiff's sole reliance allegation is that she generically "relied upon Polygroup's representation that the Pool was safe for personal use and did not present a drowning hazard." *E.g.*, ¶¶ 164, 240. This conclusory allegation directly contradicts Plaintiff's own allegations that Polygroup disclosed the risk of drowning in pools and advised consumers that they need to supervise their children and install fencing or other barriers around all sides of the pool to protect against that exact risk. Plaintiff's conclusory and contradictory allegations therefore do not state a claim for fraud, negligent misrepresentation, or for a violation of ICFA. *Iqbal*, 556 U.S. at 681.

### iii. Plaintiff Fails to Allege that Polygroup Had Knowledge of Any Alleged Defect.

Even if Plaintiff plausibly alleged that she relied on an actionable misrepresentation or omission (she does not), her fraud claims must be dismissed because she fails to allege facts – only conclusions – to plausibly support a claim based on her purchase of her Pool in 2023. Plaintiff points to nine reports of drowning made to the CPSC dating back to 2007 (¶ 53), which may or may not have involved an unsupervised child gaining access to a pool by climbing on a compression strap. These nine incidents occurred out of potentially millions of times when above ground pools were used across the United States over nearly 20 years. Indeed, the Recall alone affected *5 million* pools manufactured by three different companies. ¶ 60. Instead of plausibly alleging facts to support Plaintiff's claims, Plaintiff points generally to allegations made in an amended complaint against Polygroup's competitor, Bestway, to infer that Polygroup "ha[d]

access to incident data, consumer feedback, and industry standards for pool safety and design that should have led to corrective design action far earlier…." ¶ 58. *See, e.g.*, *Elfaridi v. Mercedes-Benz USA, LLC*, 2018 WL 4071155, at *5 (E.D. Mo. Aug. 27, 2018) (dismissing fraud claim because 12 consumer complaints were insufficient to infer defendant's knowledge of alleged defect in light of the large number of vehicles sold).

Plaintiff's reference to the wrongful death trial against Polygroup's competitor Bestway is also misguided. A litigation against a different company does not support Plaintiff's assertion that, prior to 2023 when Plaintiff purchased her Pool, Polygroup fraudulently concealed facts or knowingly made misrepresentations about Plaintiff's Pool. Plaintiff's failure to allege facts to support her claim is fatal to her fraud and ICFA claims. *See also Pickens*, 2021 WL 5050289, at *4 (dismissing fraud claims based in part on allegations of recall where recall "was issued after [plaintiff] bought his car, and so is not evidence that [defendant] had such knowledge at the time of sale").

### iv. Plaintiff Fails to Allege Polygroup Intended to Deceive or Conceal Information.

Plaintiff's fraud, negligent misrepresentation and ICFA claims also fail because Plaintiff fails to allege any intent to deceive or conceal information. As an initial matter, Polygroup ***does disclose*** that pools present a risk of drowning if used improperly or unsupervised. *See* Section B.1.i. *supra*. Plaintiff offers only unsupported allegations that Polygroup "knew or should have known" of an alleged potential risk. *See* Section B.1.iii. *supra*. Merely alleging the defendant's knowledge of a purported misrepresentation does not sufficiently allege fraudulent intent under Rule 9(b). *See, e.g.*, *Bruno v. Am. Textile Co., Inc.*, 2023 WL 6976826, at *5 (N.D. Ill. Oct. 23, 2023) (finding that an allegation of fraudulent intent based on the defendant's knowledge that product was not consistent with its representations was insufficient under Rule 9(b)); *Rudy v. D.F.*

*Stauffer Biscuit Co.*, 666 F. Supp. 3d 706, 723–24 (N.D. Ill. 2023) (allegation that fraudulent intent was shown through the defendant's knowledge of misrepresentations "does not meet even Rule 9(b)'s more generous pleading standard allowing knowledge of intent to be alleged generally"); *Acosta-Aguayo v. Walgreen Co.*, 2023 WL 2333300, at *7 (N.D. Ill. Mar. 2, 2023) (allegations about knowledge and intent were too conclusory, particularly given the qualification in the complaint that the defendant "knew or should have known" of the misrepresentations); *Jensen v. Bayer AG,* 862 N.E.2d 1091, 1098 (Ill. App. Ct. 2007) (a manufacturer's "announcement that it intended to remove [a product] from the market . . . does not indicate an intent to conceal" a purported defect). Plaintiff's failure to allege Polygroup intended to conceal information from or deceive Plaintiff is fatal to her fraud, negligent misrepresentation and ICFA claims.

### 2. Plaintiff's IDTPA Claim (Count VII) Independently Fails.

Plaintiff similarly fails to state a claim under IDTPA. IDTPA "primarily focuses on acts between competitors," and primarily provides forward-looking injunctive relief. *Pickens*, 2021 WL 5050289, *6. Accordingly, a cause of action under IDTPA can be stated only where that consumer "can allege facts that he likely would be damaged by the defendant's conduct in the future." *Reid v. Unilever U.S., Inc*., 964 F. Supp. 2d 893, 918 (N.D. Ill. 2013). Plaintiff does not, and cannot, allege that she will be damaged in the future, which precludes her IDTPA claim. *See Glazewski v. Coronet Ins. Co*., 483 N.E.2d 1263, 1267 (Ill. 1985) (where the plaintiff knew of the problems, and as a result of that knowledge she could avoid damage in the future, plaintiffs were not eligible for injunctive relief and failed to state a cause of action under IDTPA); *Smith v. Prime Cable of Chicago*, 658 N.E.2d 1325, 1337 (Ill. App. Ct. 1995) (same).

### 3. The Economic Loss Doctrine Bars Plaintiff's Negligent Misrepresentation and Negligence Claims (Counts II and V).

Under Illinois law, when "claimed damages are based on the amount [a plaintiff] paid for

[products] in excess of what she would have paid if their safety risks had been fully disclosed," claims of negligence are inactionable under the "economic loss doctrine." *B. Markoff v. Athena Cosms., Inc*., 764 F. Supp. 3d 733, 746 (N.D. Ill. 2025). "Illinois law requires personal injury or physical damage to property – a physical harm to a person or an object – to recover economic losses." *In re Boeing 737 MAX Pilots Litig*., 638 F. Supp. 3d at 859. This dooms Plaintiff's negligence and negligent misrepresentation claims because alleged economic loss is the crux of Plaintiff's entire complaint. ¶ 181 ("Plaintiff and other Class Members would not have purchased the Pool on the same terms had they known that it contained the Defect and posed serious safety risks"); Compl. at 56 (seeking an award of "compensatory, statutory, actual, and/or monetary damages). Plaintiff does not allege physical injury to herself, her family, or anyone else from her Pool and therefore both of her negligence claims must be dismissed.

### 4. Plaintiff Fails to State to a Claim for Unjust Enrichment/Quasi-Contract (Count IV).

Plaintiff's claim for unjust enrichment or quasi-contract arise from the same conduct as her fraud claims and therefore suffer the same fate. ¶ 204 ("Polygroup unjustly profited from its unlawful, unfair, and deceptive conduct at the expense of Plaintiff and the putative Class Members."). *See O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705, 720–21 (N.D. Ill. 2020) (applying Rule 9(b) to unjust enrichment claim and dismissing claim for the same reasons as consumer fraud claims); *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011) ("[I]f an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will . . . stand or fall with the related claim"); *Trujillo v. Apple Computer, Inc.*, 581 F.Supp.2d 935, 941 (N.D. Ill. 2008) (same).

Even if Plaintiff's unjust enrichment claim does not fall with Plaintiff's fraud claims (it does), her claim still fails. "Unjust enrichment is not a mode of imposing punitive damages; it is a

means of recovering something that the defendant is not entitled to but is unfairly possessing to the plaintiff's detriment." *Cleary*, 656 F.3d 511 at 520. Plaintiff has not plausibly alleged that Polygroup retained a benefit to her detriment. To the contrary, Polygroup developed and provided Plaintiff with a repair kit to correct the alleged defect. It is settled that "the mere violation of a consumer's legal right to know about a product's risks, without anything more, cannot support a claim that the manufacturer unjustly retained the revenue from the product's sale to the consumer's detriment." *Cleary*, 656 F.3d 511 at 520.[10]

### C.   Plaintiff's Claims Should Be Dismissed as Moot.

As an independent basis for dismissal, courts routinely find that cases concerning recalled products are moot under the doctrine of prudential mootness.[11] Specifically, a no-cost, CPSC-administered recall issued to resolve an alleged defect – like the Recall at issue here – eliminates a plaintiff's injury based on purported overpayment. *See, e.g., Solak v. Ford Motor Co.*, 683 F. Supp. 3d 658, 664 (E.D. Mich. 2023) (dismissing consumer fraud claims because recall moots "overpayment" damages where recall would "remediate the very same 'defect upon which' the 'diminished-value injury claim[s] [are] based.'"); *Sugasawara v. Ford Motor Co.*, 2019 WL 3945105, at *6 (N.D. Cal. Aug. 21, 2019) (dismissing consumer fraud claims because the "pre-defect values have likewise been restored"); *In re Takata Airbag Prod. Liab. Litig.*, 2023 WL 2388488, at *4 (S.D. Fla. Jan. 30, 2023) (reaffirming that offering recall repair eliminates

---

[10] To the extent Plaintiff purports to bring a quasi-contract claim separate from her unjust enrichment claim, it should be dismissed because Plaintiff fails to develop her argument beyond her unjust enrichment claim. *Siegel v. Shell Oil Co.*, 656 F. Supp. 2d 825, 835–36 (N.D. Ill. 2009), *aff'd*, 612 F.3d 932 (7th Cir. 2010).

[11] "The prudential mootness doctrine has been adopted by the First, Third, Fourth, Fifth, Sixth, Eighth, Tenth, and D.C. Circuits." *Nasoordeen v. F.D.I.C.*, 2010 WL 113588, at *6 (C.D. Cal. Mar. 17, 2010). While the Seventh Circuit has not expressly adopted the doctrine of prudential mootness in this context, it has not rejected the doctrine and has referenced the doctrine with approval. *Equal Emp. Opportunity Comm'n v. Flambeau, Inc.*, 846 F.3d 941, 950 (7th Cir. 2017) ("[A]t least in close cases, mootness can be in part a prudential doctrine.").

overpayment damages under ICFA); *Hadley v. Chrysler Grp., LLC*, 624 F. App'x 374 (6th Cir. 2015) (holding that plaintiff had no standing to assert damages claims when "the repair . . . that the plaintiffs received removed the defect upon which the plaintiffs' diminished-value injury claim is based"); *but see Rivera v. Am. Honda Motor Co.*, 2025 WL 1309536, at *2 (N.D. Ill. May 5, 2025) (declining to dismiss claims as moot after factual challenge to standing) and *Workman v. Deere & Co.*, 2025 WL 2783558, at *7 (C.D. Ill. Sept. 30, 2025) (declining to dismiss claims as moot where plaintiff sought damages beyond recall repair).

Plaintiff's conclusory allegations that the repair was "ineffective" are insufficient to support her claims. Plaintiff alleges nothing more than she was "confused" by the repair instructions, and consumer fraud claims based on recalls cannot be sustained "on the mere prospect that a recall proves ineffective." *Solak*, 683 F. Supp. 3d at 664 (collecting cases); *see also Letson v. Ford Motor Co.*, 2024 WL 845844, at *4 (E.D. Mich. Feb. 28, 2024) (finding plaintiffs failed to adequately allege that "recall is ineffective such that they have 'actual or imminent,' post-recall injuries"); *Sugasawara*, 2019 WL 3945105, at *6 ("Plaintiffs' allegation that Ford's proffered remedy is ineffectual is conclusory and speculative."); *Pacheco v. Ford Motor Co.*, 2023 WL 2603937, at *4 (E.D. Mich. Mar. 22, 2023) (dismissing claims where plaintiffs "have not shown a cognizable danger that the recall remedy supervised by the NHTSA will fail, but only disagree with the approach taken by Ford to fix the problem."). Here, Plaintiff does not and cannot allege facts to support her conclusion that the repair is ineffective and her entire Complaint should be dismissed as prudentially moot.

## CONCLUSION

Accordingly, the Court should grant Polygroup's motion to dismiss.

Dated: November 3, 2025

Respectfully submitted,

By: */s/ Matthew L. Kutcher*
Matthew L. Kutcher (#6275320)
Jamie D. Robertson (#6345890)
Mariah A. Young (#6339861)
**COOLEY LLP**
110 N. Wacker Drive, Suite 4200
Chicago, IL 60606
Tel.: (312) 881-6500
jdrobertson@cooley.com
mayoung@cooley.com

Michelle Doolin (pro hac vice)
**COOLEY LLP**
10265 Science Center Drive
San Diego, CA 92121
Tel.: (858) 550-6000
mdoolin@cooley.com
*Counsel for Defendant*

16