UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

BRANDI JAMISON, Individually and on
Behalf of All Others Similarly Situated,

Plaintiffs,

v.

POLYGROUP NORTH AMERICA, INC. and
POLYGROUP SERVICES N.A. INC.,

Defendants.

Case No. 1:25-CV-10222

Honorable Jeremy C. Daniel

**MEMORANDUM IN SUPPORT OF POLYGROUP NORTH AMERICA, INC.'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................ 1

PLAINTIFF'S ALLEGATIONS ......................................................................................... 2

ARGUMENT ....................................................................................................................... 3

    A.    Plaintiff Lacks Standing Under Federal Rule of Civil Procedure 12(b)(1). .......... 3

        1.    Plaintiff Lacks Standing to Bring Claims Based on Products She Did Not Purchase. ................................................................................. 3

        2.    Plaintiff Lacks Standing to Seek Injunctive Relief. ................................. 4

        3.    Plaintiff Lacks Standing to Bring Claims on Behalf of Non-Illinois Residents and Under Non-Illinois Consumer Protection Statutes. ............ 6

    B.    Plaintiff Fails to State a Claim under Federal Rule of Civil Procedure 12(b)(6). ....................................................................................................... 6

        1.    Plaintiff Fails to Plead Deceptive or Fraudulent Conduct. ....................... 7

            i.    Plaintiff Fails to Allege Any Actionable Misrepresentation or Omission. ................................................................................. 8

            ii.    Plaintiff Fails to Allege She Relied on Any Misrepresentation. .......................................................................... 10

            iii.    Plaintiff Fails to Allege that Polygroup Had Knowledge of Any Alleged Defect Prior to Her Purchase. ................................. 11

            iv.    Plaintiff Fails to Allege Polygroup Intended to Deceive or Conceal Information. ............................................................... 12

        2.    Plaintiff's IDTPA Claim Independently Fails. ........................................ 13

        3.    Plaintiff Fails to State a Claim for Breach of Express and Implied Warranties. ............................................................................................. 13

            i.    Plaintiff failed to Comply with the Pre-Suit Notice Requirement. .......................................................................... 13

            ii.    Plaintiff's Express Warranty Claim Independently Fails. ........... 14

            iii.    Plaintiff's Implied Warranty Claim Independently Fails. ............ 15

        4.    Plaintiff Fails to State a Claim for Unjust Enrichment/Quasi-Contract. ............................................................................................... 16

    C.    Plaintiff's Claims Should Be Dismissed as Moot. ............................................ 17

CONCLUSION .................................................................................................................. 18

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acosta-Aguayo v. Walgreen Co.*,
  2023 WL 2333300 (N.D. Ill. Mar. 2, 2023)................................................................12

*Aquino v. C.R. Bard, Inc.*,
  413 F. Supp. 3d 770 (N.D. Ill. 2019) ........................................................................14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)....................................................................................................7

*Barbara's Sales, Inc. v. Intel Corp.*,
  879 N.E.2d 910 (Ill. 2007)....................................................................................8, 10

*Bayer HealthCare LLC v. Aeropres Corp.*,
  767 F. Supp. 3d 810 (N.D. Ill. 2025) ........................................................................14

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)....................................................................................................7

*In re Boeing 737 MAX Pilots Litig.*,
  638 F. Supp. 3d 838 (N.D. Ill. 2022) ........................................................................10

*In re Bridgestone/Firestone, Inc.*,
  288 F.3d 1012 (7th Cir. 2002) ....................................................................................6

*Brown v. Auto-Owners Insurance Co.*,
  2022 WL 2442548 (N.D. Ill. June 1, 2022) ................................................................6

*Bruno v. Am. Textile Co., Inc.*,
  2023 WL 6976826 (N.D. Ill. Oct. 23, 2023) ............................................................12

*Carello v. Aurora Policemen Credit Union*,
  930 F.3d 830 (7th Cir. 2019) ......................................................................................4

*Castillo v. Unilever United States, Inc.*,
  2022 WL 704809 (N.D. Ill. Mar. 9, 2022)..................................................................5

*Cincinnati Life Ins. Co. v. Beyrer*,
  722 F.3d 939 (7th Cir. 2013) ......................................................................................8

*Cleary v. Philip Morris Inc.*,
  656 F.3d 511 (7th Cir. 2011) ..............................................................................16, 17

*Corwin v. Connecticut Valley Arms, Inc.*,
  74 F. Supp. 3d 883 (N.D. Ill. 2014) ..........................................................................15

## TABLE OF AUTHORITIES
(continued)

Page(s)

*Daly v. Glanbia Performance Nutrition, Inc.*,
   2023 WL 5647232 (N.D. Ill. Aug. 31, 2023) ............................................................6

*E.E.O.C. v. Concentra Health Servs., Inc.*,
   496 F.3d 773 (7th Cir. 2007) ....................................................................................7

*Elfaridi v. Mercedes-Benz USA, LLC*,
   2018 WL 4071155 (E.D. Mo. Aug. 27, 2018) .........................................................11

*Equal Emp. Opportunity Comm'n v. Flambeau, Inc.*,
   846 F.3d 941 (7th Cir. 2017) ..................................................................................17

*Flaherty v. Clinique Lab'ys LLC*,
   2021 WL 5299773 (N.D. Ill. Nov. 15, 2021) ...........................................................4

*Gibson v. Albertsons Co..*,
   754 F. Supp. 3d 793 (N.D. Ill. 2024) .......................................................................4

*Glazewski v. Coronet Ins. Co.*,
   483 N.E.2d 1263 (Ill. 1985) ...................................................................................13

*Graham v. Am. Honda Motor Co.*,
   2025 WL 2576748 (N.D. Ill. Sept. 4, 2025) ...............................................5, 8, 15, 16

*Hadley v. Chrysler Grp., LLC*,
   624 F. App'x 374 (6th Cir. 2015) ...........................................................................17

*Hongbo Han v. United Continental Holdings, Inc.*,
   762 F.3d 598 (7th Cir. 2014) ...............................................................................9, 15

*Jano Just. Sys., Inc. v. Burton*,
   2008 WL 5191765 (C.D. Ill. Dec. 11, 2008) ...........................................................8

*Jensen v. Bayer AG*,
   862 N.E.2d 1091 (Ill. App. Ct. 2007) ....................................................................12

*Karlinski v. Costco Wholesale Corp.*,
   616 F. Supp. 3d 753 (N.D. Ill. 2022) .....................................................................14

*Lanahan v. Cnty of Cook*,
   41 F.4th 854 (7th Cir. 2022) ....................................................................................8

*Letson v. Ford Motor Co.*,
   2024 WL 845844 (E.D. Mich. Feb. 28, 2024) .......................................................18

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Lidecker v. Kendall Coll.*,
    550 N.E.2d 1121 (Ill. App. Ct. 1990) .......................................................................10

*Ludwig v. FCA US LLC*,
    795 F. Supp. 3d, 525 (D.N.J. 2025) .......................................................................9, 15

*Miles v. Am. Honda Motor Co., Inc.*,
    2017 WL 4742193 (N.D. Ill. Oct. 19, 2017) ..............................................................6

*Miller v. General Motors Corp.*,
    2003 WL 168626 (N.D. Ill. Jan. 26, 2003) .................................................................6

*Nasoordeen v. F.D.I.C.*,
    2010 WL 1135888 (C.D. Cal. Mar. 17, 2010) ..........................................................17

*O'Connor v. Ford Motor Co.*,
    477 F. Supp. 3d 705 (N.D. Ill. 2020) ...........................................................13, 14, 16

*Pacheco v. Ford Motor Co.*,
    2023 WL 2603937 (E.D. Mich. Mar. 22, 2023) .......................................................18

*Payton v. Cnty. Of Kane*,
    308 F.3d 673 (7th Cir. 2002) ................................................................................4, 5

*Pickens v. Mercedes-Benz USA, LLC*,
    2021 WL 5050289 (N.D. Ill. Nov. 1, 2021) .......................................8, 11, 12, 13

*United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*,
    836 F.3d 770 (7th Cir. 2016) ....................................................................................7

*Raya v. Mead Johnson Nutrition Co.*,
    758 F. Supp. 3d 819 (N.D. Ill. 2024) ...............................................................4, 5, 9

*Reid v. Unilever U.S., Inc.*,
    964 F. Supp. 2d 893 (N.D. Ill. 2013) ......................................................................13

*Rivera v. Am. Honda Motor Co.*,
    2025 WL 1309536 (N.D. Ill. May 5, 2025) .............................................................17

*Rosenstern v. Allergan, Inc.*,
    987 F. Supp. 2d 795 (N.D. Ill. 2013) ......................................................................14

*Rudy v. D.F. Stauffer Biscuit Co.*,
    666 F. Supp. 3d 706 (N.D. Ill. 2023) ......................................................................12

**TABLE OF AUTHORITIES**

(continued)

<u>Page(s)</u>

*Sanchez v. Walmart Inc.*,
   733 F. Supp. 3d 653 (N.D. Ill. 2024) ........................................................................4

*Siegel v. Shell Oil Co.*,
   656 F. Supp. 2d 825 (N.D. Ill. 2009), *aff'd,* 612 F.3d 932 (7th Cir. 2010) ............17

*Smith v. Prime Cable of Chicago*,
   658 N.E.2d 1325 (Ill. App. Ct. 1995) ....................................................................13

*Solak v. Ford Motor Co.*,
   683 F. Supp. 3d 658 (E.D. Mich. 2023)............................................................17, 18

*Sugasawara v. Ford Motor Co.*,
   2019 WL 3945105 (N.D. Cal. Aug. 21, 2019) ...............................................17, 18

*In re Takata Airbag Prod. Liab. Litig.*,
   2023 WL 2388488 (S.D. Fla. Jan. 30, 2023) ..........................................................17

*Tapply v. Whirlpool Corp.*,
   148 F.4th 407 (6th Cir. 2025) ...................................................................................9

*TransUnion LLC v. Ramirez*,
   594 U.S. 413 (2021)...............................................................................................3, 5

*Trujillo v. Apple Computer, Inc*.,
   581 F. Supp. 2d 935 (N.D. Ill. 2008)......................................................................16

*Waggener Van Meter v. Mondelez Int'l, Inc.*,
   2025 WL 3678444 (N.D. Ill. Dec. 18, 2025).............................................................4

*Willard v. Tropicana Mfg. Co.*,
   577 F.Supp.3d 814 (N.D. Ill. 2021) ..........................................................................4

*Wilson v. Smartfoods, Inc.*,
   2025 WL 1311070 (N.D. Ill. May 5, 2025) ..............................................................4

*Workman v. Deere & Co.*,
   2025 WL 2783558 (C.D. Ill. Sept. 30, 2025) ........................................................17

*Zamani v. SharkNinja, Inc.*,
   2025 WL 1869475 (D. Mass. July 7, 2025)...............................................................9

**Statutes**

Illinois Consumer Fraud Act ................................................................................. *passim*

# TABLE OF AUTHORITIES
(continued)

Page(s)

Illinois Uniform Deceptive Trade Practices Act...........................................................7, 8, 10, 13

**Other Authorities**

Fed. R. Civ. P.
    8(a) ..............................................................................................................................7
    9(b) ..........................................................................................................7, 8, 12, 16
    12(b)(1) .......................................................................................................................3
    12(b)(6) .......................................................................................................................6

## INTRODUCTION

In July 2025, Polygroup North America, Inc. ("Polygroup")[1] voluntarily participated in a recall of certain above-ground pools (the "Recall") in cooperation with the Consumer Product Safety Commission ("CPSC"). The Recall related to potential concerns about compression straps surrounding the outside of above-ground pools that could be used by unsupervised children to gain access to the pool. As part of the Recall, Polygroup provided customers with a repair kit to remove the compression strap while maintaining the structural integrity of the pool for continued use. Plaintiff purports to bring consumer fraud claims against Polygroup, but she notably does not allege that she or anyone else was ever physically injured by the Polygroup pool she purchased in 2023, and she admits that she received the repair kit through the Recall. Her only claim is one for damages based on vague assertions that Polygroup advertised its pools as "durable" and "safe" – all while ignoring Polygroup's prominent warnings that children must be supervised near the pools due to a danger of drowning. Plaintiff's complaint should be dismissed.

First, Plaintiff lacks standing to: (i) bring claims for pools she did not purchase; (ii) seek class-wide injunctive relief; and (iii) bring claims on behalf of putative class members residing outside of Illinois. Plaintiff's own claims are also prudentially moot. Second, Plaintiff fails to allege any facts to plausibly support her claims for fraud or violations of the asserted consumer fraud statutes. Third, Plaintiff's warranty claims are barred because she failed to provide Polygroup with the required pre-suit notice and otherwise should be dismissed for failure to allege the terms of the warranty and lack of privity. Finally, Plaintiff fails to state a claim for quasi-contract or unjust enrichment because she received the repair kit through the Recall and therefore suffered no harm or injury.

---

[1] Polygroup Services N.A. Inc. is the former name of Polygroup and does not exist as an entity under the laws of any state. If this case moves forward, it should be removed from the caption.

## PLAINTIFF'S ALLEGATIONS

Polygroup is part of a global manufacturing group, making above-ground swimming pools, with a history of over 30 years in the industry and a reputation for quality and safety in its product offerings. ¶¶ 49-50.[2] At times, Polygroup marketed its pools for family use and provided owner's manuals with safety instructions, including guidance on removing ladders, keeping unsupervised children and objects away from pools to prevent unauthorized access, and installing fencing around the pool. ¶¶ 53, 110.[3] Certain pools were designed with external compression straps to maintain structural integrity and stability of the pool walls. ¶ 52. On July 21, 2025, the CPSC, together with Polygroup and other pool manufacturers, announced a voluntary Recall of certain above-ground pools as part of an effort to address potential safety concerns associated with the external compression straps. ¶ 5.

Under the terms of the Recall, which continues to be monitored by the CPSC, Polygroup provided consumers with a CPSC-approved repair kit which, as explained to consumers by the CPSC, consists of a "rope that attaches to each of the vertical support poles at the ground level and wraps around the pool" that "will maintain the structural integrity of the pool (a function previously served by the compression strap)."[4] Once consumers "secure the repair," they can "then cut and remove the compression strap from the pool."[5] The repair kit and recall notice include instructions with detailed images and support resources, including information on how to contact Polygroup

---

[2] References to "¶___" are to the First Amended Complaint ("FAC"); unless noted otherwise, all emphasis is added and internal citations or quotations are omitted.

[3] *See also* ¶ 59 (relying on Summer Waves pool owner's manual which prominently alerted purchasers to a "Drowning Risk" for children).

[4] *See Bestway, Intex, and Polygroup Recall Certain Above-Ground Pools 48 Inches and Taller Due to Drowning Hazard; Nine Deaths Reported; Five Million Pools Sold Since 2002*, CPSC, (last visited January 7, 2026), https://www.cpsc.gov/Recalls/2025/Bestway-Intex-and-Polygroup-Recall-Certain-Above-Ground-Pools-48-Inches-and-Taller-Due-to-Drowning-Hazard-Nine-Deaths-Reported-Five-Million-Pools-Sold-Since-2002.

[5] *Id.*

through phone or email for guidance. ¶¶ 89, 97. The Recall was publicly announced, widely disseminated, and remains the subject of open disclosure on the websites of Polygroup, the CPSC, and in numerous other sources. *E.g.*, ¶¶ nn.1-6.

Plaintiff, an Illinois resident, allegedly purchased her Polygroup Funsicle 22ft x 52ft Round Oasis Above-Ground Pool (the "Pool") from Amazon on June 22, 2023. ¶ 30. According to Plaintiff, her Pool was marketed on Amazon as being "reliable over an extended period of time," "made to last" and as having a quick and easy setup. ¶ 56. Plaintiff alleges that she was unaware of the risks associated with the compression strap until learning of the Recall in July 2025. ¶ 32. Plaintiff then requested the repair kit but claims she found the instructions confusing and did not install the repair. ¶ 34. Plaintiff does not allege that her Pool caused her or anyone else any injury or other damage. Nevertheless, Plaintiff now seeks relief based on her unsupported assertion that no "reasonable consumer" would have purchased a Pool if they knew about the alleged risks, and that the CPSC-approved repair kit provided to her is inadequate. ¶ 20.

## ARGUMENT

### A.    Plaintiff Lacks Standing Under Federal Rule of Civil Procedure 12(b)(1).

Federal Rule of Civil Procedure 12(b)(1) requires a plaintiff to show she suffered an injury that was likely caused by the defendant that could be redressed by judicial relief in order to obtain relief. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Under this standard, Plaintiff lacks standing to bring claims (1) arising from products she did not purchase; (2) for injunctive relief; and (3) brought on behalf of a nationwide class and under consumer protection laws of states other than Illinois.

### 1.    Plaintiff Lacks Standing to Bring Claims Based on Products She Did Not Purchase.

Plaintiff lacks standing to pursue claims arising from purchases of products she never

bought. The FAC implicates five different Polygroup products, but Plaintiff only purchased one: a Funsicle 22ft x 52ft Round Oasis Above-Ground Pool which was sold from 2023-2025. ¶¶ 1, 30. Although there is no controlling approach within this District, a growing majority of courts have relied on Seventh Circuit precedent to find that a plaintiff lacks standing to pursue claims for products they did not purchase. *See, e.g.*, *Waggener Van Meter v. Mondelez Int'l, Inc.*, 2025 WL 3678444, at *6 (N.D. Ill. Dec. 18, 2025) (relying on *Payton v. Cnty. Of Kane*, 308 F.3d 673, 682 (7th Cir. 2002) to dismiss consumer fraud claims based on products a plaintiff did not personally buy); *Gibson v. Albertsons Co..*, 754 F. Supp. 3d 793, 803 (N.D. Ill. 2024) (similar); *Sanchez v. Walmart Inc.*, 733 F. Supp. 3d 653, 665 (N.D. Ill. 2024) (similar); *Wilson v. Smartfoods, Inc.*, 2025 WL 1311070, at *3 (N.D. Ill. May 5, 2025) (dismissing consumer fraud claims based on purchases for "butter" flavor popcorn because all named plaintiffs purchased "white cheddar" popcorn); *Willard v. Tropicana Mfg. Co.*, 577 F.Supp.3d 814, 823-25 (N.D. Ill. 2021) (collecting cases and holding plaintiffs lack standing to assert claims for unpurchased products and are "prohibited from overcoming the requirements of Article III standing simply by arguing that non-purchased products are substantially similar to purchased products"); *Flaherty v. Clinique Lab'ys LLC*, 2021 WL 5299773, at *4 (N.D. Ill. Nov. 15, 2021) (dismissing consumer fraud claims in part because plaintiff did not purchase products). That is the approach that should apply here because Plaintiff "cannot acquire standing to sue for the unpurchased products through the back door of a class action." *Raya v. Mead Johnson Nutrition Co.*, 758 F. Supp. 3d 819, 829 (N.D. Ill. 2024) (citing *Payton*, 308 F.3d at 682) (citations modified). Consequently, Plaintiff has no standing with respect to the unpurchased products, and those claims must be dismissed.

### 2. Plaintiff Lacks Standing to Seek Injunctive Relief.

Plaintiff also lacks standing to seek injunctive relief. Article III requires that a plaintiff "face[ ] a real and immediate threat of future injury" to pursue injunctive relief. *Carello v. Aurora*

*Policemen Credit Union*, 930 F.3d 830, 835 (7th Cir. 2019); *see TransUnion LLC*, 594 U.S. at 431 ("[P]laintiffs must demonstrate standing for each . . . form of relief that they seek (for example, injunctive relief and damages)"). Plaintiff is plainly aware of the alleged risk associated with the compression strap on her Pool. She saw the Recall, requested the repair, and filed this lawsuit. Moreover, Plaintiff does not allege that she will or must purchase a Polygroup pool again in the future. Where a plaintiff is aware of an allegedly deceptive practice or product defect, they "face no future risks from those products." *Castillo v. Unilever United States, Inc.*, 2022 WL 704809, at *4 (N.D. Ill. Mar. 9, 2022); *Raya*, 758 F. Supp. 3d at 829 (dismissing injunctive relief claim for lack of standing). Likewise, Plaintiff cannot predicate a claim for injunctive relief on remedies that will not redress any alleged future harm. Plaintiff's specific requests for injunctive relief, including a "state-of-the-art notice program," "implementation of a corrective advertising campaign," and a replacement pool or "full refund" (¶ 29) – despite that Polygroup issued the Recall which remedies any purported defect – will not remedy any alleged future harm that could be caused by Plaintiff's Pool and should therefore be dismissed. *See, e.g.*, *Graham v. Am. Honda Motor Co.*, 2025 WL 2576748, at *10 (N.D. Ill. Sept. 4, 2025) (dismissing claim for injunctive relief where remedy "is not likely to redress the claimed future injury"). That Plaintiff purports to seek injunctive relief on a class-wide basis (¶ 29) does not save her claims. A named plaintiff cannot "piggy-back" on the injuries of the unnamed class members to acquire standing. *See Payton*, 308 F.3d at 682; *Castillo*, 2022 WL 704809, at *4 (dismissing claims for class-wide injunctive relief even where "absent putative class members . . . continue to face risks from any unrecalled products"). Plaintiff's request for injunctive relief must be dismissed.

### 3. Plaintiff Lacks Standing to Bring Claims on Behalf of Non-Illinois Residents and Under Non-Illinois Consumer Protection Statutes.

Plaintiff's claims under non-Illinois law also fail for lack of standing. Plaintiff makes no allegation that she purchased or used a Polygroup pool while in a state other than Illinois. This warrants dismissal of her claims based on non-Illinois state consumer fraud statutes because "it is doubtful that Plaintiff[] will be able to pursue claims based on statutory causes of action created by states where Plaintiff[] neither lived nor w[as] injured" and "discovery will not change" that. *Brown v. Auto-Owners Insurance Co.*, 2022 WL 2442548, at *2 (N.D. Ill. June 1, 2022) ("Courts in this District routinely dismiss or strike class claims where named plaintiffs seek to represent proposed class members from other states.").

Relatedly, the Court should dismiss Plaintiff's fraud claim to the extent that it is brought on behalf of a purported "nationwide class." Here, Illinois's choice of law rules require that the laws of the state where each class member resides and purchased a pool govern their claims. *Daly v. Glanbia Performance Nutrition, Inc.*, 2023 WL 5647232, at *3 (N.D. Ill. Aug. 31, 2023) (conducting choice of law analysis for common law fraud). Courts routinely find that such nationwide classes are "not manageable" where "claims must be adjudicated under the law of so many jurisdictions." *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1018 (7th Cir. 2002); *Miller v. General Motors Corp.*, 2003 WL 168626, at *1 (N.D. Ill. Jan. 26, 2003) ("Such differences have led the Seventh Circuit to hold that . . . fraud . . . suits may not proceed as nationwide classes."); *Miles v. Am. Honda Motor Co., Inc.*, 2017 WL 4742193, at *5 (N.D. Ill. Oct. 19, 2017) (similar). Accordingly, Plaintiff's claims on behalf of a nationwide class and claims brought under non-Illinois consumer protection statutes should be dismissed.

### B. Plaintiff Fails to State a Claim under Federal Rule of Civil Procedure 12(b)(6).

A complaint must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6) and

8(a) if the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (The factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level."). Legal conclusions and conclusory allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681. Plaintiff fails to state a claim under this standard.

*First*, Plaintiff fails to plausibly allege her claims under Federal Rule of Civil Procedure 8(a) and the heightened pleading standard under Rule 9(b), which requires dismissal of her fraud, Illinois Consumer Fraud Act ("ICFA"), and Illinois Uniform Deceptive Trade Practices Act ("IDTPA") claims. *Second*, Plaintiff fails to state an IDTPA claim because she cannot plead a likelihood of future injury. *Third*, Plaintiff's express and implied warranty claims fail because she failed to provide pre-suit notice, fails to allege the terms of the warranty, and she lacks the required privity to state her claim. *Finally*, Plaintiff cannot maintain claims for unjust enrichment or quasi-contract because the Recall precludes any argument of a cognizable detriment to Plaintiff.

### 1. Plaintiff Fails to Plead Deceptive or Fraudulent Conduct.

Plaintiff fails to plausibly allege each of her claims that sound in fraud, including Plaintiff's claims of common law fraud, violation of ICFA, and violation of the IDTPA. For claims that sound in fraud, Rule 9(b) requires plaintiff to plausibly allege facts establishing the "who, what, when, where, and how of the fraud" to support her claims. *See United States ex rel. Presser v. Acacia*

*Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016).[6] This requires a plaintiff to "allege … specific facts demonstrating what occurred at the individualized transactional level". *Lanahan v. Cnty of Cook*, 41 F.4th 854, 862 (7th Cir. 2022). Rule 9(b) further "requires the plaintiff to conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 950 (7th Cir. 2013). Plaintiff fails to meet this exacting standard.

### i. Plaintiff Fails to Allege Any Actionable Misrepresentation or Omission.

Plaintiff's entire FAC is premised on allegations that, on Amazon, where Plaintiff made her purchase, her Pool was marketed as being "reliable over an extended period of time," "made to last," as having a quick and easy setup, and that Polygroup separately claimed on its website (which Plaintiff never viewed) that it sold "[b]est-in-class pools designed for outdoor lifestyles, and trusted for being durable, tested, reliable & safe." ¶¶ 56, 58. This type of generic advertising statement cannot form the basis of a fraud claim. *See Pickens v. Mercedes-Benz USA, LLC*, 2021 WL 5050289, at *4 (N.D. Ill. Nov. 1, 2021) (collecting cases and finding that generic claims of quality and safety are "too vague to form the basis of any fraud claim" and are "generally . . . not actionable."); *Barbara's Sales, Inc. v. Intel Corp.*, 879 N.E.2d 910, 926 (Ill. 2007) (finding "the following phrases as [non-actionable] puffery: 'high-quality,' 'expert workmanship[.]'").

Even if Polygroup's generic advertising statements were actionable (they are not), Plaintiff acknowledges that Polygroup disclosed risks associated with its pools, including the risk of drowning. This risk was prominently disclosed in the owners' manuals which, according to Plaintiff, alerted purchasers of *Summer Waves* pools to a "Drowning Risk" for children. ¶ 59.

---

[6] *Graham v. Am. Honda Motor Co. Inc.*, 2025 WL 2576748, at *12 (N.D. Ill. Sept. 4, 2025) (Rule 9(b) applies to ICFA claims); *Jano Just. Sys., Inc. v. Burton*, 2008 WL 5191765, at *3 (C.D. Ill. Dec. 11, 2008) (Rule 9(b) applies to IDTPA claims sounding in fraud).

Moreover, Polygroup's website devotes an entire page to pool safety because "any pool or body of water presents dangers, especially to young children[.]"[7] Polygroup thus instructs consumers to: "Maintain constant supervision over children in or near the pool . . . [;] Secure your pool with appropriate barriers or fencing . . . [;] and "[r]emove pool ladder[s]" because they can be "climbed by children."[8] Plaintiff's contention that Polygroup both misrepresented that its pools were "safe" *and also* disclosed that pools present a potential risk of drowning if children are left unsupervised defies common sense. *See, e.g.*, *Zamani v. SharkNinja, Inc.*, 2025 WL 1869475, at *3-4 (D. Mass. July 7, 2025) (dismissing consumer fraud claims where product's user guide included "numerous, explicit disclaimers regarding the very information Plaintiff alleges was deceptively withheld").

To the extent Plaintiff alleges that Polygroup is liable for omitting safety information about the compression straps, her claim still fails because she cannot show the special relationship required to prove fraud by omission. Plaintiff's only omission claim relates to the purchase of her Pool, and arm's-length consumer product transactions do not create the "special relationship" required under Illinois law. *See Raya*, 758 F. Supp. 3d at 836 (dismissing fraudulent omission claims because there was no special relationship between company and consumer); *Tapply v. Whirlpool Corp.*, 148 F.4th 407, 420 (6th Cir. 2025) (affirming dismissal of fraudulent concealment claim under Illinois law because plaintiffs lacked a special relationship and there is no "strong basis" in Illinois law to support argument that defendant had a duty to disclose safety risks); *Ludwig v. FCA US LLC*, 795 F. Supp. 3d, 525, 556 (D.N.J. 2025) (holding "Illinois law does not impose a duty on car manufacturers to disclose safety defects"). Finding otherwise "would

---

[7] Polygroup, www.polygroup.com/poolsafety (last visited Jan. 21, 2026). The Court may consider the website on a motion to dismiss because it is specifically referenced by the complaint and central to the plaintiff's claim at FAC, n.3, 19-21, 23. *See Hongbo Han v. United Continental Holdings, Inc.*, 762 F.3d 598, 601 n.1-2 (7th Cir. 2014).

[8] *See* n.7, *supra*.

have wide-ranging implications" because "special relationships would appear all over the place – the relationships would be so prevalent that they would cease to be special." *See In re Boeing 737 MAX Pilots Litig.*, 638 F. Supp. 3d 838, 864 (N.D. Ill. 2022).

Plaintiff's failure to allege an actionable misrepresentation or omission is fatal to her fraud, ICFA and IDTPA claims.

### ii. Plaintiff Fails to Allege She Relied on Any Misrepresentation.

Plaintiff's fraud and ICFA claims also fail because Plaintiff does not allege she relied on any alleged misrepresentation about the safety of her Pool at the time she purchased it. *Barbara's Sales, Inc.*, 879 N.E.2d at 925-27 (A defendant's purportedly "deceptive" conduct or statements are actionable under ICFA only if the plaintiff "actually saw and was deceived by the statement[] in question."); *Lidecker v. Kendall Coll.*, 550 N.E.2d 1121, 1124 (Ill. App. Ct. 1990) ("[J]ustifiable reliance by plaintiff" is an element of fraud).

Plaintiff does not allege she saw any of the statements made by Polygroup on the Funsicle website. *See* ¶ 58. Indeed, she does not allege she ever visited a Polygroup or Funsicle-branded website – she alleges she purchased her Pool on Amazon. ¶ 30. Neither does Plaintiff allege that she reviewed any owner's manual for the Pool she purchased; instead, she cites to an owner's manual for a different pool, which disclosed the risk of drowning in a pool and advised to "keep unsupervised children from accessing the pool by installing fencing or other approved barrier around all sides of pool." ¶ 59. The only statements about the Pool that Plaintiff allegedly saw were on Amazon where the Pool was described as "reliable over an extended period of time," "made to last" and having a quick and easy setup. ¶ 56. Plaintiff's generic allegation that she "relied upon Polygroup's representation that the Pool was safe for personal use and did not present a drowning hazard" is unsupported by any facts. *E.g.*, ¶¶ 37, 199. This conclusory allegation directly contradicts Plaintiff's own allegations that Polygroup discloses the risk of drowning in

10

pools and advises consumers that they need to supervise their children and install fencing or other barriers around all sides of the pool to protect against that exact risk. Plaintiff's conclusory and contradictory allegations cannot and do not state a fraud or ICFA claim.

### iii. Plaintiff Fails to Allege that Polygroup Had Knowledge of Any Alleged Defect Prior to Her Purchase.

Plaintiff's fraud claims must also be dismissed because she fails to allege facts to plausibly support that Polygroup was aware of a defect when she purchased her Pool in 2023. Plaintiff points to two vague reports of drowning made to the CPSC that occurred more than a decade ago in 2011 and 2014. ¶¶ 63, 67-68. According to the FAC, the Recall alone affected *5 million* pools manufactured by three different companies. ¶ 5. Plaintiff fails to make any non-conclusory allegations supporting an inference from two alleged incidents that Polygroup was aware of the alleged defect prior to her purchase in 2023. That is not sufficient. *See, e.g.*, *Elfaridi v. Mercedes-Benz USA, LLC*, 2018 WL 4071155, at *5 (E.D. Mo. Aug. 27, 2018) (dismissing fraud claim because 12 consumer complaints were insufficient to infer defendant's knowledge of alleged defect in light of the large number of vehicles sold).

Plaintiff's reference to seven reports made to the CPSC for pools manufactured by different companies and the wrongful death trial against Polygroup's competitor Bestway is also misguided. Reports to and a litigation against a different company do not support Plaintiff's assertion that, prior to 2023 when Plaintiff purchased her Pool, Polygroup fraudulently concealed facts or knowingly made misrepresentations about Plaintiff's Pool. Similarly, Plaintiff's reference to the CPSC Press Release and Recall Notice – both issued in 2025 – to infer that Polygroup "ha[d] access to incident data, consumer feedback, and industry standards for pool safety and design that should have led to corrective design action far earlier…." (¶ 65 n.33) is nothing more than an attempt to assert a claim for fraud by hindsight and fails. *See Pickens*, 2021 WL 5050289, at *4

(dismissing fraud claims in part because a recall cannot support allegations that defendant had knowledge of defect if plaintiff purchased product prior to the recall).

Plaintiff's failure to allege facts that Polygroup had knowledge of the alleged defect is fatal to her fraud and ICFA claims. *Id*.

### iv. Plaintiff Fails to Allege Polygroup Intended to Deceive or Conceal Information.

Plaintiff's fraud and ICFA claims also fail because Plaintiff fails to allege any intent to deceive or conceal information. As an initial matter, Polygroup ***does disclose*** that pools present a risk of drowning if used improperly or unsupervised. *See* Section B(1)(i) *supra*. Plaintiff offers only unsupported allegations that Polygroup "knew or should have known" of an alleged potential risk. *See id*. Merely alleging the defendant's knowledge of a purported misrepresentation does not sufficiently allege fraudulent intent under Rule 9(b). *See, e.g.*, *Bruno v. Am. Textile Co., Inc.*, 2023 WL 6976826, at *5 (N.D. Ill. Oct. 23, 2023) (finding that an allegation of fraudulent intent based on the defendant's knowledge that product was not consistent with its representations was insufficient under Rule 9(b)); *Rudy v. D.F. Stauffer Biscuit Co.*, 666 F. Supp. 3d 706, 723-24 (N.D. Ill. 2023) (allegation that fraudulent intent was shown through the defendant's knowledge of misrepresentations "does not meet even Rule 9(b)'s more generous pleading standard allowing knowledge of intent to be alleged generally"); *Acosta-Aguayo v. Walgreen Co.*, 2023 WL 2333300, at *7 (N.D. Ill. Mar. 2, 2023) (allegations about knowledge and intent were too conclusory, particularly given the qualification in the complaint that the defendant "knew or should have known" of the misrepresentations); *Jensen v. Bayer AG*, 862 N.E.2d 1091, 1098 (Ill. App. Ct. 2007) (a manufacturer's "announcement that it intended to remove [a product] from the market [] does not indicate an intent to conceal" a purported defect). Plaintiff's failure to allege Polygroup intended to conceal information from or deceive Plaintiff is fatal to her fraud and ICFA claims.

12

### 2. Plaintiff's IDTPA Claim Independently Fails.

Plaintiff similarly fails to state a claim under IDTPA. The IDTPA is "primarily designed to enable businesses to sue competitors" and provides forward-looking injunctive relief. *Pickens*, 2021 WL 5050289, at *6. Accordingly, a cause of action under the IDTPA can be stated only where that consumer "can allege facts that he likely would be damaged by the defendant's conduct in the future." *Reid v. Unilever U.S., Inc*., 964 F. Supp. 2d 893, 918 (N.D. Ill. 2013). Plaintiff does not, and cannot, allege that she will be damaged in the future, which precludes her IDTPA claim. *See Glazewski v. Coronet Ins. Co*., 483 N.E.2d 1263, 1267 (Ill. 1985) (where plaintiff knew of the problems, and as a result of that knowledge she could avoid damage in the future, plaintiff was not eligible for injunctive relief and failed to state a cause of action under the IDTPA); *Smith v. Prime Cable of Chicago*, 658 N.E.2d 1325, 1337 (Ill. App. Ct. 1995) (same).

### 3. Plaintiff Fails to State a Claim for Breach of Express and Implied Warranties.

Plaintiff's claims for breach of express and implied warranties also fail. *First*, Plaintiff did not provide pre-suit notice, which is fatal to her claims. *Second*, both claims independently fail on the merits: Plaintiff does not plead a viable express warranty – much less any breach of that warranty – and her implied warranty claim is barred by lack of privity and the absence of any defect or damages.

#### i. Plaintiff failed to Comply with the Pre-Suit Notice Requirement.

Plaintiff's failure to provide Polygroup pre-suit notice of the alleged warranty breaches dooms her claims. 810 ILCS 5/2-607(3)(a) (A buyer of goods must "within a reasonable time after he discovers or should have discovered any breach [of warranty] notify the seller of breach or be barred from any remedy."). The Illinois Supreme Court is clear that courts cannot forgive failure to meet this requirement. *See O'Connor v. Ford Motor Co*., 477 F. Supp. 3d 705, 715-716 (N.D.

Ill. 2020) (dismissing breach of implied and express warranty claims because "the Illinois Supreme Court has expressly rejected this theory [that] …. generalized knowledge about the safety concerns of third parties is sufficient to fulfill plaintiffs' UCC notice requirement."). Plaintiff's failure to comply with the pre-suit notice requirement is fatal to her warranty claims. *Id.* at 717 ("It is now impossible, of course, for [Plaintiff] to provide pre-suit notice of the alleged breach of warranty to Ford; he filed suit in 2019, and cannot now unring that bell.") (citation modified). Moreover, the fact that Polygroup issued the Recall does not save Plaintiff's warranty claims. "The actual knowledge exception to pre-litigation notice applies to the defendant's knowledge of the *particular plaintiff's* claim and 'is satisfied only when the manufacturer is somehow apprised of the trouble with the particular product purchased by a particular buyer.'" *Karlinski v. Costco Wholesale Corp.*, 616 F. Supp. 3d 753, 766 (N.D. Ill. 2022). No such notice was given of Plaintiff's claim and Plaintiff's warranty claims must be dismissed.

### ii. Plaintiff's Express Warranty Claim Independently Fails.

Plaintiff fails to allege any specific facts to support her claim for breach of express warranty. Plaintiff must allege that Polygroup: "(1) made an affirmation of fact or promise; (2) relating to the goods; (3) which was part of the basis for the bargain; and (4) guaranteed that the goods would conform to the affirmation or promise." *Aquino v. C.R. Bard, Inc.*, 413 F. Supp. 3d 770, 787 (N.D. Ill. 2019). Critically, Plaintiff "must state the terms of the warranty [alleged to be breached] or attach it to the complaint." *Bayer HealthCare LLC v. Aeropres Corp.*, 767 F. Supp. 3d 810, 818 (N.D. Ill. 2025); *Rosenstern v. Allergan, Inc*., 987 F. Supp. 2d 795, 805 (N.D. Ill. 2013) (Because "express warranties are contractual in nature, the language of the warranty itself is what controls and dictates the obligations and rights of the various parties").

Plaintiff fails to meet this threshold pleading requirement. She alleges nothing more than Polygroup provided a 90-day written warranty that "the Pools were free from manufacturing

defects and fit for use as above-ground pools." ¶ 234. This formulaic recitation made without reference to the actual warranty is insufficient. *See Corwin v. Connecticut Valley Arms, Inc.*, 74 F. Supp. 3d 883 (N.D. Ill. 2014) (dismissing an express warranty claim unsupported by particular affirmations of fact). Even if the Court overlooks Plaintiff's pleading deficiency (it should not), it cannot find that Polygroup breached the actual warranty. In fact, the Plaintiff's Pool was subject to a warranty that guaranteed "the repair or replacement of Above Ground Pools for one (1) year from the date of purchase." *See* Warranty at 3 (Exhibit 1).[9] Polygroup provided a repair for the alleged defect through the Recall. ¶¶ 33-34. For these reasons, Plaintiff's claim for breach of express warranty must be dismissed.

### iii. Plaintiff's Implied Warranty Claim Independently Fails.

Plaintiff's barebones assertion that Polygroup breach its implied warranty of merchantability similarly fails. Plaintiff does not have the privity necessary for such a claim because she purchased the Pool from Amazon. Under the UCC, a consumer may "ordinarily recover economic damages on a breach of implied warranty theory only against the 'immediate seller' of the goods, with whom the consumer is in privity." *Graham*, 2025 WL 2576748, at *15; *see also* 810 ILCS 5/2-314(1) ("a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind").

Plaintiff's unsupported allegation that Plaintiff had "sufficient direct dealings with Polygroup or its authorized retailers" to establish privity or that privity is not required because Plaintiff is the intended beneficiary of Polygroup's implied warranties (¶ 259) fails as a matter of law. Courts have found direct privity between a buyer and the manufacturer *only* where "the end consumer and the manufacturer directly communicate." *Ludwig*, 795 F. Supp. 3d at 525, 546-47

---

[9] The Court can consider this warranty on a motion to dismiss because it is both central to and discussed in the FAC. *See Hongbo Han*, 762 F.3d at 601 n.1-2.

(analyzing exceptions to vertical privity under Illinois law). Moreover, courts in this District "have repeatedly observed that no Illinois authority permits a plaintiff to 'skirt the privity requirement' for implied warranty claims by alleging an agency relationship between the manufacturer and the direct seller." *Graham*, 2025 WL 2576748, at *16. Likewise, there is no support in Illinois law to find an exception to the privity requirement for alleged "beneficiaries" of an implied warranty absent "specific facts" to show an intent by the manufacture to confer such a benefit. *Id.* (finding "no support" for plaintiff's beneficiary argument). No such facts are alleged here, and Plaintiff's implied warranty claim should be dismissed.

### 4. Plaintiff Fails to State a Claim for Unjust Enrichment/Quasi-Contract.

Plaintiff's claim for unjust enrichment or quasi-contract arises from the same conduct as her fraud claims and therefore suffers the same fate. ¶ 276 ("Polygroup unjustly profited from its unlawful, unfair, and deceptive conduct at the expense of Plaintiff[.]"). *See O'Connor*, 477 F. Supp. 3d at 720-21 (applying Rule 9(b) to unjust enrichment claim and dismissing claim for the same reasons as consumer fraud claims); *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011) ("[I]f an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will . . . stand or fall with the related claim"); *Trujillo v. Apple Computer, Inc*., 581 F. Supp. 2d 935, 941 (N.D. Ill. 2008) (same).

Even if Plaintiff's unjust enrichment claim does not fall with Plaintiff's fraud claims (it does), her claim still fails. "Unjust enrichment is not a mode of imposing punitive damages; it is a means of recovering something that the defendant is not entitled to but is unfairly possessing to the plaintiff's detriment." *Cleary*, 656 F.3d at 520. Plaintiff has not plausibly alleged that Polygroup retained a benefit to her detriment. To the contrary, Polygroup developed and provided Plaintiff with a repair kit to correct the alleged defect. It is settled that "the mere violation of a consumer's legal right to know about a product's risks, without anything more, cannot support a claim that the

manufacturer unjustly retained the revenue from the product's sale to the consumer's detriment." *Id.*[10]

### C.    Plaintiff's Claims Should Be Dismissed as Moot.

As an independent basis for dismissal, courts routinely find that cases concerning recalled products are moot under the doctrine of prudential mootness.[11] Specifically, a no-cost, CPSC-administered recall issued to resolve an alleged defect – like the Recall at issue here – eliminates a plaintiff's injury based on purported overpayment. *See, e.g.*, *Solak v. Ford Motor Co.*, 683 F. Supp. 3d 658, 664 (E.D. Mich. 2023) (dismissing consumer fraud claims because recall moots "overpayment" damages where recall would "remediate the very same 'defect upon which' the 'diminished-value injury claim[s] [are] based.'"); *Sugasawara v. Ford Motor Co.*, 2019 WL 3945105, at *6 (N.D. Cal. Aug. 21, 2019) (dismissing consumer fraud claims because the "pre-defect values have likewise been restored"); *In re Takata Airbag Prod. Liab. Litig.*, 2023 WL 2388488, at *4 (S.D. Fla. Jan. 30, 2023) (reaffirming that offering recall repair eliminates overpayment damages under ICFA); *Hadley v. Chrysler Grp., LLC*, 624 F. App'x 374, 378 (6th Cir. 2015) (holding that plaintiff had no standing to assert damages claims when "the repair . . . that the plaintiffs received removed the defect upon which the plaintiffs' diminished-value injury claim is based"); *but see Rivera v. Am. Honda Motor Co.*, 2025 WL 1309536, at *2 (N.D. Ill. May 5, 2025) (declining to dismiss claims as moot after factual challenge to standing) and *Workman v.*

---

[10] To the extent Plaintiff purports to bring a quasi-contract claim separate from her unjust enrichment claim, it should be dismissed because Plaintiff fails to allege any facts to support a contract claim that are distinct from her unjust enrichment claim. *Siegel v. Shell Oil Co.*, 656 F. Supp. 2d 825, 835-36 (N.D. Ill. 2009), *aff'd*, 612 F.3d 932 (7th Cir. 2010).

[11] "The prudential mootness doctrine has been adopted by the First, Third, Fourth, Fifth, Sixth, Eighth, Tenth, and D.C. Circuits." *Nasoordeen v. F.D.I.C.*, 2010 WL 1135888, at *6 (C.D. Cal. Mar. 17, 2010). While the Seventh Circuit has not expressly adopted the doctrine of prudential mootness in this context, it has not rejected the doctrine and has referenced the doctrine with approval. *Equal Emp. Opportunity Comm'n v. Flambeau, Inc.*, 846 F.3d 941, 950 (7th Cir. 2017) ("[A]t least in close cases, mootness can be in part a prudential doctrine.").

*Deere & Co.*, 2025 WL 2783558, at *7 (C.D. Ill. Sept. 30, 2025) (declining to dismiss claims as moot where plaintiff sought damages beyond recall repair).

Plaintiff's conclusory allegations that the repair was "ineffective" are insufficient. Plaintiff alleges nothing more than she was "confused" by the repair instructions, and consumer fraud claims based on recalls cannot be sustained "on the mere prospect that a recall proves ineffective." *Solak*, 683 F. Supp. 3d at 664 (collecting cases); *see also Letson v. Ford Motor Co.*, 2024 WL 845844, at *4 (E.D. Mich. Feb. 28, 2024) (finding plaintiffs failed to adequately allege that "recall is ineffective such that they have 'actual or imminent,' post-recall injuries"); *Sugasawara*, 2019 WL 3945105, at *5 ("Plaintiffs' allegation that Ford's proffered remedy is ineffectual is conclusory and speculative."); *Pacheco v. Ford Motor Co.*, 2023 WL 2603937, at *4 (E.D. Mich. Mar. 22, 2023) (dismissing claims where plaintiffs "have not shown a cognizable danger that the recall remedy supervised by the NHTSA will fail, but only that they disagree with the approach taken by Ford to fix the problem."). Here, Plaintiff does not and cannot allege facts to support her conclusion that the repair is ineffective and the FAC should be dismissed as prudentially moot.

## CONCLUSION

Accordingly, the Court should grant Polygroup's motion to dismiss.

Dated: January 22, 2026

Respectfully submitted,

By: */s/ Matthew L. Kutcher*
Matthew L. Kutcher (#6275320)
Jamie D. Robertson (#6345890)
Mariah A. Young (#6339861)
**COOLEY LLP**
110 N. Wacker Drive, Suite 4200
Chicago, IL 60606
Tel.: (312) 881-6500
jdrobertson@cooley.com
mayoung@cooley.com

Michelle Doolin (pro hac vice)
**COOLEY LLP**
10265 Science Center Drive
San Diego, CA 92121
Tel.: (858) 550-6000
mdoolin@cooley.com
*Counsel for Defendant*

19