# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

BRANDI JAMISON, Individually and on
Behalf of All Others Similarly Situated,

                Plaintiffs,

           v.

POLYGROUP NORTH AMERICA, INC. and
POLYGROUP SERVICES N.A. INC.,

                Defendants.

Case No. 1:25-CV-10222

Honorable Jeremy C. Daniel

**REPLY IN SUPPORT OF POLYGROUP NORTH AMERICA, INC.'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................ 1

ARGUMENT ...................................................................................................... 2

    A.    Plaintiff Lacks Standing Under Federal Rule of Civil Procedure 12(b)(1). .......... 2

        1.    Plaintiff Lacks Standing to Bring Claims Based on Products She Did Not Purchase. ...................................................................................... 2

        2.    Plaintiff Lacks Standing to Pursue Injunctive Relief. ............................... 4

        3.    The Court Should Dismiss Plaintiff's Fraud Claim to the Extent it is Brought on Behalf of a Nationwide Class (Count VII). ......................... 6

        4.    Plaintiff Lacks Standing to Bring Claims on Behalf of Non-Illinois Residents Under Non-Illinois Consumer Protection Statutes (Count I). ................................................................................................................ 6

    B.    Plaintiff Fails to State a Claim for Fraud or ICFA (Counts VII and II). ................ 7

        1.    Plaintiff Fails to Allege Any Actionable Omission. .................................. 7

        2.    Plaintiff Fails to Allege Any Actionable Misrepresentation. ..................... 8

        3.    Plaintiff Fails to Plead She Saw Any Allegedly Misleading Statement. ................................................................................................... 9

        4.    Plaintiff Fails to Allege That Polygroup Had Knowledge of Any Alleged Defect Prior to Her Purchase. .................................................... 10

        5.    Plaintiff Fails to Allege Polygroup Intended to Conceal Information. ............................................................................................. 11

    C.    Plaintiff Fails to State a Claim Under ICFA for Unfair Practices (Count II). ............................................................................................................. 11

    D.    Plaintiff's IDTPA Claim Independently Fails Because She Cannot Pursue Injunctive Relief (Count III). ................................................................. 12

    E.    Plaintiff's Breach of Express and Implied Warranties Claims Fail (Counts IV and V). ............................................................................................. 12

        1.    Plaintiff Failed to Comply With the Pre-Suit Notice Requirement. ........ 12

        2.    Plaintiff Fails to Adequately Allege the Existence of an Express Warranty or its Breach. .......................................................................... 13

        3.    Plaintiff's Implied Warranty Claim Fails for Lack of Privity. ................. 14

    F.    Plaintiff Fails to State a Claim for Unjust Enrichment (Count VI). .................... 15

    G.    Plaintiff's Claims Should Be Dismissed as Moot. ............................................. 15

CONCLUSION ................................................................................................. 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andrews v. Carbon on 26th, LLC,*
    272 N.E.3d 439 (Ill. 2025) .......................................................................12, 13

*Baldwin v. Star Scientific, Inc.,*
    78 F. Supp. 3d 724 (N.D. Ill. 2015) ...................................................................13

*Barbara's Sales, Inc. v. Intel Corp.,*
    879 N.E.2d 910 (Ill. 2007) ...........................................................................8, 9

*Barnes v. Unilever U.S. Inc.,*
    2023 WL 2456385 (N.D. Ill. Mar. 11, 2023)...................................................12

*Benson v. Newell Brands, Inc.,*
    2020 WL 1863296 (N.D. Ill. Apr. 14, 2020) .....................................................6

*In re Boeing 737 MAX Pilots Litig.,*
    638 F. Supp. 3d 838 (N.D. Ill. 2022) ...............................................................10

*Bonte v. U.S. Bank, N.A.,*
    624 F.3d 461 (7th Cir. 2010) ...............................................................6, 8, 15

*Brown v. Auto-Owners Ins. Co.,*
    2022 WL 2442548 (N.D. Ill. June 1, 2022).......................................................7

*Carrol v. S.C. Johnson & Son, Inc.,*
    2018 WL 1695421 (N.D. Ill. Mar. 29, 2018)......................................................5

*Cho v. Hyundai Motor Co., Ltd.,*
    636 F. Supp. 3d 1149 (C.D. Cal. 2022) ...........................................................14

*Costa v. FCA US LLC,*
    542 F. Supp. 3d 83 (D. Mass. 2021) .................................................................9

*Darne v. Ford Motor Company,*
    2015 WL 9259455 (N.D. Ill. 2015) .................................................................14

*Elward v. Electrolux Home Prods., Inc.,*
    214 F. Supp. 3d 701 (N.D. Ill. 2016) ..............................................................14

*Fares v. Char-Broil, LLC,*
    2025 WL 1191729 (N.D. Ill. Apr. 24, 2025) ...................................................12

*Gibson v. Albertsons Cos., Inc.,*
    754 F. Supp. 3d 793 (N.D. Ill. 2024) ................................................................2

*Graham v. Am. Honda Motor Co.*,
  806 F. Supp. 3d 758 (N.D. Ill. 2025) ...................................................................11

*Gromov v. Belkin Int'l, Inc.*,
  2025 WL 4102020 (N.D. Ill. Mar. 7, 2025) ...........................................................4

*Gurrola v. Ford Motor Co.*,
  774 F. Supp. 3d 959 (N.D. Ill. 2025) ..............................................................14, 15

*Hickey v. O'Bannon*,
  287 F.3d 656 (7th Cir. 2002) ...............................................................................14

*Liston v. King.com, Ltd.*,
  254 F. Supp. 3d 989 (N.D. Ill. 2017) .....................................................................7

*Ludwig v. FCA US LLC*,
  795 F. Supp. 3d (D.N.J. 2025) ...............................................................................8

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ................................................................................................2

*Morrison v. YTB International, Inc.*,
  649 F.3d 533 (7th Cir. 2011) .................................................................................6

*Opheim v. Volkswagen Aktiengesellschaft*,
  2021 WL 2621689 (D.N.J. June 25, 2021) .............................................................9

*Payton v. Cnty. of Kane*,
  308 F.3d 673 (7th Cir. 2002) .................................................................................4

*Perona v. Volkswagen of Am., Inc.*,
  684 N.E.2d 859 (Ill. Ct. App. 1997) ....................................................................13

*Pickens v. Mercedes-Benz USA, LLC*,
  2021 WL 5050289 (N.D. Ill. Nov. 1, 2021) ...........................................................8

*Plotts v. Am. Honda Motor Co., Inc.*,
  2023 WL 4843342 (C.D. Cal. June 9, 2023) ..........................................................5

*R&L Grain Co. v. Chicago E. Corp.*,
  531 F. Supp. 201 (N.D. Ill. 1981) ........................................................................14

*Raya v. Mead Johnson Nutrition Co.*,
  758 F. Supp. 3d 819 (N.D. Ill. 2024) .....................................................................7

*Reid v. Unilever U.S., Inc.*,
 964 F. Supp. 2d 893 (N.D. Ill. 2013) ........................................................10

*Rivera v. Am. Honda Motor Co. Inc.*,
 2025 WL 1309536 (N.D. Ill. May 5, 2025) ...........................................5, 15

*Rivera v. Invitation Homes, Inc.*,
 2019 WL 11863726 (N.D. Cal. June 19, 2019) ...........................................6

*Sherwin v. Samsung Elecs. Am., Inc.*,
 2018 WL 11216896 (N.D. Ill. Mar. 2, 2018) ............................................10

*Shirley v. Reynolds Consumer Prods., LLC*,
 636 F. Supp. 3d 907 (N.D. Ill. 2022) ..........................................................5

*Sloat v. Camfil USA, Inc.*,
 No. 1:23-cv-05125, ECF No. 22 (N.D. Ill. Apr. 10, 2024)..........................6

*Slowinski v. Beiersdorf, Inc.*,
 2026 WL 323347 (N.D. Ill. Feb. 6, 2026) ..................................................4

*Spokeo, Inc. v. Robins*,
 578 U.S. 330 (2016)......................................................................................2

*Stella v. LVMH Perfumes & Cosmetics USA, Inc.*,
 564 F. Supp. 2d 833 (N.D. Ill. 2008) ........................................................10

*Tapply v. Whirlpool Corp.*,
 148 F.4th 407 (6th Cir. 2025) ......................................................................7

*Thomas v. Walmart, Inc.*,
 720 F. Supp. 3d 650 (N.D. Ill. 2024) ..................................................3, 4, 5

*TransUnion LLC v. Ramirez*,
 594 U.S. 413 (2021)..................................................................................2, 5

*Vesely v. Armslist LLC*,
 762 F.3d 661 (7th Cir. 2014) ................................................................11, 12

*VIP Sports Mktg., Inc. v. Buzil*,
 2004 WL 2608422 (N.D. Ill. Nov. 16, 2004) ............................................11

*Ward-Richardson v. FCA US LLC*,
 690 F. Supp. 3d 1372 (N.D. Ga. 2023).....................................................15

*In re Wellbutrin XL Antitrust Litig.*,
  260 F.R.D. 143 (E.D. Pa. 2009)........................................................................................7

*Womick v. Kroger Co.*,
  2025 WL 2106158 (S.D. Ill. July 28, 2025) ...................................................................6

*Workman v. Deere & Co.*,
  2025 WL 2783558 (C.D. Ill. Sept. 30, 2025) ................................................................15

**Other Authorities**

1 McLaughlin on Class Actions § 4:28 (22nd ed.) ...............................................................7

Federal Rule of Civil Procedure 12(b)(1) ............................................................................2

Federal Rule of Civil Procedure 8(a) .................................................................................11

Federal Rule of Civil Procedure 9(b)..............................................................................9, 11

**INTRODUCTION**

Like her Complaint, Plaintiff's Opposition relies heavily on generalized allegations to mask her failure to allege facts sufficient to support her claims. That is not enough. First, Plaintiff, an Illinois resident, concedes her claims stem entirely from her purchase of one pool she no longer uses and her receipt of a CPSC-approved repair kit she did not install, yet she is pursuing claims involving *other* products purchased by *other* consumers based on the laws of *other* states. Plaintiff has no standing to pursue these claims, and her Opposition does not cure this lack of standing. While Plaintiff attempts to postpone a reckoning on standing, courts regularly address the issue at the pleading stage. Plaintiff also ignores binding precedent precluding consumers from seeking injunctive relief where, as here, they do not face a risk of future harm. And Plaintiff fails to address established law holding that fraud claims cannot be brought on behalf of a nationwide class.

Second, the Opposition fails to justify Plaintiff's failure to allege facts needed to support her fraud-based claims. Most strikingly, Plaintiff does not point to any false or misleading Polygroup statement she saw or relied on in purchasing her pool. Plaintiff also does not dispute that Polygroup's generic advertising statements cannot be the basis for a fraud claim, nor does she explain how a reasonable consumer would be misled by that advertising, which plainly discloses the drowning hazard she claims was hidden. Plaintiff also effectively concedes her failure to allege an actionable omission given the lack of special relationship between Plaintiff and Polygroup. And Plaintiff cannot escape the fact that her inability to pursue injunctive relief precludes her from bringing her IDTPA claim.

Third, Plaintiff's attempt to save her warranty claims fails. While Plaintiff points to two exceptions to the pre-suit notice requirement, she does not allege any facts that would entitle her to invoke them. Plaintiff also does not allege facts sufficient to establish the existence or breach of an express warranty. Plaintiff's reliance on outdated law regarding exceptions to the privity

requirement for an implied warranty claim also is unavailing.

Finally, Plaintiff's claims should be dismissed as moot because the CPSC-approved recall cured any alleged harm.

## ARGUMENT

### A.    Plaintiff Lacks Standing Under Federal Rule of Civil Procedure 12(b)(1).

The Court should reject Plaintiff's attempts to "bypass the 'irreducible constitutional minimum' of Article III standing for [her] individual claims" by delaying the required standing analysis until class certification. *Gibson v. Albertsons Cos., Inc.*, 754 F. Supp. 3d 793, 803 (N.D. Ill. 2024). Whether or not a class is eventually certified, standing is required at the pleading stage. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561-62 (1992). And although Plaintiff brings this suit as a putative class action, she is currently the only named plaintiff in the litigation. The Supreme Court has emphasized that "standing is not dispensed in gross" and "plaintiffs must demonstrate standing for each claim that they press[.]" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). Plaintiff's Opposition confirms that, under this standard, she lacks standing to bring claims (1) arising from products she did not purchase; (2) for injunctive relief; (3) on behalf of a nationwide class; and (4) under consumer protection laws of states other than Illinois.

#### 1.    Plaintiff Lacks Standing to Bring Claims Based on Products She Did Not Purchase.

Plaintiff urges the Court to defer ruling on whether she has standing to bring claims involving products she did not purchase. Opp. at 4. But doing so would be inconsistent with the Supreme Court's mandate that "plaintiffs must demonstrate standing for each claim that they press[.]" *TransUnion*, 594 U.S. at 431. The fact that Plaintiff seeks to represent a class of other consumers does not allow her to avoid this fundamental requirement of Article III standing, which must be addressed at the pleading stage. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 n.6 (2016)

("That a suit may be a class action adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.").

Plaintiff's reliance on *Thomas v. Walmart, Inc.* is misplaced. Opp. at 4-5. In *Thomas*, the products at issue were Walmart's "exclusively owned 'Hotel Style'" branded bed sheets which Walmart "labels, distributes, advertises, and sells." *Thomas*, 720 F. Supp. 3d 650, 65f (N.D. Ill. 2024). Plaintiffs alleged that Walmart deceived consumers by falsely labeling the Hotel Style branded sheets as "800 thread count," and sought to represent other consumers who purchased "any type of Hotel Style bed sheets sold by Walmart regardless of color and size" which was labeled as "800 thread count." *Id.* at 658. The Court found that named plaintiffs "clearly" had standing to assert claims against Walmart for the specific Hotel Style sheets they purchased and postponed deciding whether they could represent consumers who purchased other Hotel Style sheets also sold exclusively by Walmart under the same brand name and also advertised as "800 thread count," but which may have been a different color or size. *Id.*

This case is different. Here, Plaintiff attempts to assert claims against Polygroup as the manufacturer of her Funsicle 22ft x 52ft Round Oasis Above-Ground Pool (the "Pool"), which she purchased on Amazon. ¶ 56. Polygroup does not challenge Plaintiff's standing to assert that claim on behalf of other consumers who purchased the Pool from Amazon. But she does not stop there. Plaintiff seeks to assert claims on behalf of nationwide purchasers of *five different Polygroup products* which were sold at *thirteen different physical and online locations,* and which were marketed in *different ways*. ¶¶ 1, 22, 30. Plaintiff alleges no personal injury from the other pools that she did not purchase and makes no attempt to show that they were marketed in the same or similar way as the Pool she bought on Amazon. Indeed, the bare descriptions in the Complaint show

otherwise: Plaintiff alleges her Pool was marketed on Amazon as being, among other things, "reliable" and "made to last" (¶ 56), whereas on Polygroup's website (which Plaintiff never viewed), pools are generally marketed as "[b]est-in-class," "tested," and "safe." ¶ 58. In contrast to *Walmart*, where all the products at issue were sold through Walmart and marketed with the same alleged misrepresentation, there are no such common threads here and no basis to find that Plaintiff has standing to allege claims involving the unpurchased products referenced in the Complaint.

Under these circumstances, Plaintiff cannot "piggy-back on the injuries of the unnamed class members" to acquire standing through the back door of a class action. *Payton v. Cnty. of Kane*, 308 F.3d 673, 682 (7th Cir. 2002). The Court should follow the approach adopted by a growing number of courts in this District and dismiss Plaintiff's claims predicated on products she did not purchase for lack of standing. *See, e.g.*, *Slowinski v. Beiersdorf, Inc.*, 2026 WL 323347, at *3 (N.D. Ill. Feb. 6, 2026) (dismissing claims based on unpurchased products because "standing is jurisdictional: the Court can either hear the case, or it cannot"); *Gromov v. Belkin Int'l, Inc.*, 2025 WL 4102020, at *9 (N.D. Ill. Mar. 7, 2025) (similar); *see also* Mot. at 4.

### 2. Plaintiff Lacks Standing to Pursue Injunctive Relief.

Plaintiff's Opposition confirms that she lacks standing to pursue any of the injunctive relief she seeks because she faces no personal risk of *future* harm. This Court has made clear that allegations of *past* deception are insufficient to establish standing to pursue injunctive relief because consumers are unlikely to incur future harm once they become aware of the purported fraud. *See Thomas*, 720 F. Supp. 3d at 659. Again, Plaintiff cannot piggy-back off the alleged injuries of putative class members but must allege that she personally will suffer the harm she seeks to remedy through injunctive relief. *Payton*, 308 F.3d at 682. Plaintiff ignores this governing law, citing instead outdated and inapposite cases. Opp. at 5-6. Notably, this Court has already declined to follow two of these cases. *See Thomas*, 720 F. Supp. 3d at 659 (declining to follow

*Carrol v. S.C. Johnson & Son, Inc.*, 2018 WL 1695421 (N.D. Ill. Mar. 29, 2018), which predates

*TransUnion*, 594 U.S. 413, and distinguishing *Shirley v. Reynolds Consumer Prods., LLC*, 636 F.

Supp. 3d 907 (N.D. Ill. 2022) because the plaintiff alleged she intended to purchase the product

again). Plaintiff's reliance on *Rivera* and *Plotts* is also unavailing because both cases reaffirm that

injunctive relief is available only where a plaintiff faces future harm. *See Rivera v. Am. Honda*

*Motor Co. Inc.*, 2025 WL 1309536 (N.D. Ill. May 5, 2025) (dismissing injunctive relief claims

where plaintiff no longer owned the car and no longer faced a likelihood of future harm from the

alleged defect); *Plotts v. Am. Honda Motor Co., Inc.*, 2023 WL 4843342 (C.D. Cal. June 9, 2023)

(declining to dismiss injunctive relief claim where plaintiffs alleged an ongoing defect in vehicles

they still owned that posed a risk of future harm).

Here, unlike *Shirley*, Plaintiff does not allege she will purchase another Pool (or any other

Polygroup product) and therefore does not face a risk of harm resulting from any future sales or

representations by Polygroup. Moreover, unlike *Plotts*, Plaintiff admits that she "can no longer

use" her Pool and she therefore cannot be at risk of future harm from her continued ownership of

the Pool. Opp. at 6. Plaintiff therefore lacks standing to seek injunctive relief related to the

purportedly defective Pool or to Polygroup's representations related to the alleged defect.

Plaintiff's demand for injunctive relief in the form of a "modification" of the allegedly

inadequate Recall remedy, which she claims "introduces additional hazards" (Opp. at 5), fails for

the same reason. Plaintiff plainly alleges that she did not and cannot install the Recall remedy.

¶ 34. Accordingly, she faces no risk of future harm as a result of the Recall.[1]

Because Plaintiff's allegations establish that she does not face any risk of future harm that

---

[1] To the extent Plaintiff seeks injunctive relief in the form of a replacement Pool or a refund of her purchase price (*see, e.g.*, ¶ 29), she does not allege that monetary relief is inadequate and therefore cannot establish entitlement to the requested injunctive relief. *See Thomas*, 720 F. Supp. 3d at 660.

would be addressed by the injunctive relief she seeks, she lacks standing to pursue such relief.

### 3. The Court Should Dismiss Plaintiff's Fraud Claim to the Extent it is Brought on Behalf of a Nationwide Class (Count VII).

Plaintiff fails to oppose – and therefore waives – any argument that she pleads a viable fraud claim on behalf of a nationwide class. Opp. at 7; *see Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). For the reasons detailed in the Motion, the Court should dismiss Plaintiff's fraud claim to the extent it is brought on behalf of a purported nationwide class. Mot. at 6 (collecting cases).

### 4. Plaintiff Lacks Standing to Bring Claims on Behalf of Non-Illinois Residents Under Non-Illinois Consumer Protection Statutes (Count I).

Plaintiff relies on two cases to encourage this Court to delay deciding whether Plaintiff has standing to bring claims on behalf of non-Illinois residents under non-Illinois consumer protection statutes. Opp. at 7 (citing *Womick v. Kroger Co.*, 2025 WL 2106158 (S.D. Ill. July 28, 2025) and *Benson v. Newell Brands, Inc*., 2020 WL 1863296 (N.D. Ill. Apr. 14, 2020)). Both rely on a line of cases originating with the Seventh Circuit's decision in *Morrison v. YTB International, Inc.*, 649 F.3d 533, 536 (7th Cir. 2011). But *Morrison* is not decisive here. In that case, the plaintiffs were Illinois residents and asserted only a violation of Illinois law, but sought to include in the class non-Illinois residents. *Id.* at 534-35. Although some district courts have extended its application, it is unclear how *Morrison* should apply to cases where named plaintiffs assert claims under the laws of states in which they do not reside and where they suffered no injury. *See, e.g.*, *Rivera v. Invitation Homes, Inc.*, 2019 WL 11863726, at *2 (N.D. Cal. June 19, 2019) (criticizing *Morrison's* applicability). Plaintiff also relies on this Court's decision in *Sloat*, but that case similarly has no application here. Opp. at 7. The named plaintiff did not seek to invoke other states' laws on behalf of non-Illinois residents. *Sloat v. Camfil USA, Inc*., No. 1:23-cv-05125, ECF No. 22 (N.D. Ill. Apr. 10, 2024).

The better and more on-point approach is found in *Brown v. Auto-Owners Ins. Co.*, 2022 WL 2442548, at *2 (N.D. Ill. June 1, 2022), which determined that postponing the threshold standing question until after discovery accomplishes nothing. "Plaintiffs cannot possess the same interest or suffer the same injury shared by all members of the class they wish to represent where [p]laintiffs have no connection" to the other states whose consumer protection statutes they seek to invoke. *Id.* (dismissing claims brought under four other states' laws); *see also Liston v. King.com, Ltd.*, 254 F. Supp. 3d 989, 1001 (N.D. Ill. 2017); *see also In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 155 (E.D. Pa. 2009) (concluding courts should not "allow named plaintiffs . . . with no injuries in relation to the laws of certain states referenced in their complaint, to embark on lengthy class discovery" before "proposing to represent the claims of parties whose injuries and modes of redress they would not share"); 1 McLaughlin on Class Actions § 4:28 (22nd ed.) (The named plaintiffs in a putative class action "lack standing to assert claims under the laws of states in which they do not reside or in which they suffered no injury."). There is no basis to defer this standing question to the class certification stage as Plaintiff seeks. Plaintiff's claims under 18 other states' laws should be dismissed now, to avoid the immense and unfair burden to Polygroup from having to litigate those 18 state laws that Plaintiff has no standing to pursue.

### B. Plaintiff Fails to State a Claim for Fraud or ICFA (Counts VII and II).

Plaintiff fails to state a claim for fraud or under ICFA. Opp. at 9-13.

#### 1. Plaintiff Fails to Allege Any Actionable Omission.

As detailed in the Motion, arm's-length consumer product transactions like this one do not create the "special relationship" required under Illinois law to state a claim for fraud by omission. *See Raya v. Mead Johnson Nutrition Co.*, 758 F. Supp. 3d 819, 835-36 (N.D. Ill. 2024) (dismissing fraudulent omission claims because there was no special relationship between company and consumer); *Tapply v. Whirlpool Corp.*, 148 F.4th 407, 420-21 (6th Cir. 2025) (affirming dismissal

of fraudulent concealment claim under Illinois law because plaintiffs lacked a special relationship and there is no "strong basis" in Illinois law to support argument that defendant had a duty to disclose safety risks); *Ludwig v. FCA US LLC*, 795 F. Supp. 3d, 525, 556 (D.N.J. 2025) (holding "Illinois law does not impose a duty on car manufacturers to disclose safety defects"). Plaintiff alleges no "special relationship" and does not even address Polygroup's argument in her Opposition. Opp. at 9-11. Any claim based on an alleged omission is therefore waived and should therefore be dismissed. *See Bonte*, 624 F.3d at 466; Mot. at 9-10.

### 2. Plaintiff Fails to Allege Any Actionable Misrepresentation.

Plaintiff recites a laundry list of paragraphs from the Complaint that she claims identify actionable misrepresentations to support her fraud and ICFA claims. Opp. at 10 (citing ¶¶ 5-13, 34-38, 49-60, 80-108, 139, 150-52). They do not. Most of Plaintiff's citations do not specifically identify *any* statement by Polygroup, let alone a misleading one. *E.g.*, ¶¶ 5-13, 80-86 (quoting statements by the CPSC); ¶¶ 5-13, 139, 150-152 (failing to identify any statement by Polygroup). And in paragraphs 87-108, Plaintiff merely speculates about the effectiveness of the Recall repair kit, although she herself never installed it. (¶ 34).

The only statements by Polygroup that Plaintiff identifies are on (1) Polygroup's website (¶¶ 49-51, 53); (2) the Funsicle website (¶¶ 54, 58); (3) Amazon (¶ 56); and (4) in the "Summer Waves Owner's Manual" (¶ 59). But these alleged statements are nothing more than generic advertising statements that courts repeatedly hold – and Plaintiff does not dispute – are inactionable as a matter of law. For example, the alleged statements on Amazon that the Pool is "reliable over an extended period of time," "made to last" and has a "quick and easy setup" (¶ 56) cannot support any fraud claim because they are merely generalized and non-quantifiable marketing puffery. *See Pickens v. Mercedes-Benz USA, LLC*, 2021 WL 5050289, at *4 (N.D. Ill. Nov. 1, 2021) (generic claims of quality and safety are "too vague to form the basis of any fraud claim"); *Barbara's Sales,*

*Inc. v. Intel Corp.*, 879 N.E.2d 910, 926 (Ill. 2007) (finding "the following phrases as [non-actionable] puffery: 'high-quality,' 'expert workmanship[.]'"); *Opheim v. Volkswagen Aktiengesellschaft*, 2021 WL 2621689, at *13 (D.N.J. June 25, 2021) ("Plaintiffs' more particular allegations that [the defendants] promoted the 'high quality,' 'reliability,' 'superior performance,' and 'safety' of their vehicles . . . constitute merely vague and ill-defined opinions or puffery[.]"); *Costa v. FCA US LLC*, 542 F. Supp. 3d 83, 101 (D. Mass. 2021) ("general statements about big-picture concepts such as trust, security, reputation, and safety are non-actionable puffery"). Similarly, Plaintiff's claims that Polygroup told consumers that it sold "best-in-class pools . . . trusted for being durable, tested, reliable & safe" (¶¶ 50, 58), are a "popular go-to for families" (¶ 54) and are quick to set up are all inactionable for the same reasons. Mot. at 8-9.

### 3. Plaintiff Fails to Plead She Saw Any Allegedly Misleading Statement.

Even if Plaintiff had alleged an actionable misrepresentation, her fraud and ICFA claims would still fail because the Complaint is devoid of any allegation that she actually saw and relied on any of the referenced statements. Plaintiff's reliance allegations are limited to two paragraphs where she states that she "considered Polygroup to be a reputable company with a strong reputation for producing safe and reliable pools for family use and believed that her Pool would be no different." ¶¶ 36-37; Opp. at 11. But Plaintiff fails to allege any basis for her belief that would move her claims from "speculative" to "plausible" – let alone particularized facts that would satisfy Rule 9(b). Plaintiff does not allege she saw any of the statements on the Polygroup or Funsicle websites, including, among others, that Polygroup sold "[b]est-in-class," "durable, tested, reliable & safe," or that Funsicle pools are the "go-to for families, parties and swimmers who love elevated fun and luxury." *See* ¶¶ 49-51, 53-54, 58. Plaintiff also fails to allege she ever reviewed an Owner's Manual. ¶ 59. This dooms Plaintiff's fraud and ICFA claims because the false or misleading statements cannot plausibly be relied on to cause Plaintiff's injury if she never saw them. *Barbara's*

*Sales, Inc.*, 879 N.E.2d at 925-27 (A defendant's purportedly "deceptive" conduct or statements are actionable under ICFA only if the plaintiff "actually saw and was deceived by the statement[] in question."); *In re Boeing 737 MAX Pilots Litig.*, 638 F. Supp. 3d 838, 866-67 (N.D. Ill. 2022) (dismissing fraud claims because "Plaintiffs have not alleged that they read the manuals and the bulletin, and then made the decision to get certified to fly the planes based on that content").[2]

### 4. Plaintiff Fails to Allege That Polygroup Had Knowledge of Any Alleged Defect Prior to Her Purchase.

Plaintiff also fails to allege that Polygroup knew of the alleged defect prior to her purchase in 2023. Plaintiff's reliance on *Reid* and *Stella* does not save her claim. In *Reid*, the court found that allegations of "hundreds" of "online consumer complaints" for the at-issue product were sufficient to infer defendant's knowledge of the alleged defect. *Sherwin v. Samsung Elecs. Am., Inc.*, 2018 WL 11216896, at *5 (N.D. Ill. Mar. 2, 2018) (discussing *Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893 (N.D. Ill. 2013)). In contrast here, Plaintiff refers to only two vague reports made to the CPSC more than a decade ago and alleged reports made to different companies about different pools. ¶¶ 63, 67-68. This is insufficient to infer Polygroup's knowledge. *See Sherwin*, 2018 WL 11216896, at *5 (distinguishing *Reid v. Unilever* because plaintiff only alleged "a handful" of complaints); *see also* Mot. at 11-12. *Stella* is also inapt. There, plaintiff alleged that defendant knew lead was an ingredient in its lipstick and failed to inform consumers. *Stella v. LVMH Perfumes & Cosmetics USA, Inc.*, 564 F. Supp. 2d 833, 836 (N.D. Ill. 2008). There are no similar allegations that plausibly support Polygroup's knowledge.

---

[2] At most, Plaintiff alleges the Pool was described as "reliable over an extended period of time," "made to last" and easy to setup on Amazon.com. ¶¶ 30; 56. But Plaintiff does not allege that these statements were false or misleading. Her complaint is that the Pool presents am undisclosed drowning hazard – not that the pool broke, deteriorated, or did not have a "quick and easy setup." *Id.* And, even if she did, the statements are non-actionable. *See* Section B.2.

### 5. Plaintiff Fails to Allege Polygroup Intended to Conceal Information.

Plaintiff's Opposition mischaracterizes the law. Opp. at 4. Conclusory allegations of intent to deceive are not sufficient to state a claim for fraud or ICFA. *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014) (The Court "need not accept as true any legal assertions or recital of the elements of a cause of action 'supported by mere conclusory statements.'"). More so, *contradictory* allegations can defeat a claim for fraud or under ICFA. In *VIP Sports Marketing*, the court found that plaintiff's allegations that defendant "never intended to deliver" tickets and also that defendant "delivered" the tickets to plaintiff were "contradictory allegations" that "result[ed] in a failure by VIP to sufficiently plead a claim for fraud." *VIP Sports Mktg., Inc. v. Buzil*, 2004 WL 2608422, at *3 (N.D. Ill. Nov. 16, 2004). As detailed in the Motion, Plaintiff's allegation that Polygroup failed to disclose a risk of drowning in the pools is contradicted by Plaintiff's allegations that Polygroup ***does disclose*** a risk of drowning if the Pool is used improperly or children are unsupervised. Mot. at 12. Plaintiff thus fails to allege Polygroup intended to conceal information from or deceive consumers, and her fraud and ICFA claims should be dismissed.

### C. Plaintiff Fails to State a Claim Under ICFA for Unfair Practices (Count II).

Plaintiff argues she stated a claim under ICFA for unfair practices which is "subject to the less-stringent pleading standard under Rule 8(a)." Opp. at 14. But Plaintiff "may not avoid application of the Rule 9(b) standard simply by attaching language of 'unfairness' to allegations that are 'clearly premised upon' a primary claim of fraud." *Graham v. Am. Honda Motor Co.*, 806 F. Supp. 3d 758, 780 (N.D. Ill. 2025). Plaintiff does not distinguish between her ICFA "deceptive" and "unfair" claims: They are premised on the exact same allegations. *See* Opp. at 14 (arguing that Polygroup's conduct was unfair because it sold a "knowingly defective product"). Plaintiff's ICFA claim for unfair practices must meet the Rule 9(b) standard. It does not.

Plaintiff relies on two cases to support her claim that Polygroup engaged in conduct that

"offends public policy," "is immoral, unethical, oppressive, or unscrupulous," or "causes substantial injury to consumers." *See* Opp. at 14 (citing *Fares v. Char-Broil, LLC*, 2025 WL 1191729 (N.D. Ill. Apr. 24, 2025) and *Barnes v. Unilever U.S. Inc.*, 2023 WL 2456385 (N.D. Ill. Mar. 11, 2023)). Both are inapposite. Plaintiffs in both *Fares* and *Barnes* alleged that conduct was unfair because defendants put products on the market "without adequate testing." *Id.* No such allegation exists here, and the Court need not accept conclusory legal assertions as true. *Vesely*, 762 F.3d at 664-65.

### D. Plaintiff's IDTPA Claim Independently Fails Because She Cannot Pursue Injunctive Relief (Count III).

Plaintiff concedes that, to state an IDTPA claim, she must be eligible for the injunctive relief available under the statute. Mot. at 13; Opp. at 14-15. For the reasons described above in Section A.2., Plaintiff lacks standing to pursue such relief because she faces no personal risk of future harm from either the purportedly defective Pool, which she admits she cannot use, or the Recall remedy, which she did not install. Her IDTPA claim therefore fails.

### E. Plaintiff's Breach of Express and Implied Warranties Claims Fail (Counts IV and V).

Plaintiffs' Opposition does not save her warranty claims, both of which fail due to lack of pre-suit notice and each of which suffer from additional independent defects.

#### 1. Plaintiff Failed to Comply With the Pre-Suit Notice Requirement.

Plaintiff cannot state a claim for breach of warranty because she failed to provide the requisite notice prior to filing suit and does not allege facts that would exempt her from this requirement. Plaintiff does not dispute that a buyer must first directly notify the seller of a breach unless they can establish either that (1) the buyer suffered a personal injury such that the requirement can be satisfied by filing a complaint or (2) the seller had actual knowledge that the particular product purchased by the buyer was defective. *See Andrews v. Carbon on 26th, LLC*,

272 N.E.3d 439, 445-46 (Ill. 2025); Mot. at 13-14; Opp. at 15-16. Plaintiff cannot rely on her Complaint to satisfy the requirement because she suffered no personal injury. *Andrews*, 272 N.E.3d at 445. Moreover, Plaintiff does not allege any facts showing that Polygroup had actual knowledge that her particular Pool was defective. To the contrary, Plaintiff confirms that she is relying entirely on the very types of generalized allegation that courts have flatly rejected as insufficient. Opp. at 15-16 (citing allegations regarding Polygroup's general knowledge of defects in its Pools and issuance of a recall); *Perona v. Volkswagen of Am., Inc.*, 684 N.E.2d 859, 863 (Ill. Ct. App. 1997) ("A federally mandated recall notice does not fulfill the U.C.C.'s notice requirement" because it "does not admit a defect in a particular product, but refers to the possibility of a defect in a class of products"); *see also* Mot. at 13-14.

### 2. Plaintiff Fails to Adequately Allege the Existence of an Express Warranty or its Breach.

Plaintiff's Opposition confirms her failure to allege facts sufficient to establish the existence or breach of an express warranty. Opp at 16-17. Plaintiff's express warranty claim is based entirely on her unsupported assertion that Polygroup offered a "uniform 90-day written warranty" that its Pools were "free from manufacturing defects." Opp. at 16; ¶ 234. However, Plaintiff neither quotes nor attaches the language of this supposed warranty, which appears nowhere in the "Warranty Information" that actually accompanied her Pool. Mot. at 15, Ex. 1 at 3. Plaintiff's generalized allegations, which are contradicted by the facts, are insufficient to establish her claim. Mot. at 14-15; *Baldwin v. Star Scientific, Inc.*, 78 F. Supp. 3d 724, 740 (N.D. Ill. 2015) (generalized allegations of express warranty are insufficient).

Plaintiff also cannot dispute that Polygroup complied with the terms of the warranty it did offer by providing her with a repair.[3] Mot. at 14-15; Ex. 1 at 3. To the extent Plaintiff argues that

---

[3] Plaintiff cites inapposite cases regarding the unconscionability of limitations on the duration of

Polygroup breached its agreement by providing an inadequate repair, this argument is implausible on its face. *See Darne v. Ford Motor Company*, 2015 WL 9259455 (N.D. Ill. 2015) (dismissing express warranty claim where plaintiff alleged promised repairs were inadequate, but where defendant nonetheless repaired free of charge the malfunctioning parts that manifested within the warranty period). It is also unsupported by her allegations: Plaintiff admits that she did not implement the repair and provides no basis whatsoever for her speculation that the repair might be inadequate. *Hickey v. O'Bannon*, 287 F.3d 656, 657 (7th Cir. 2002) (courts are not "obliged to accept as true . . . unsupported conclusions of fact"). Because Plaintiff does not allege facts establishing the terms of an express warranty or its breach, Plaintiff's claim must be dismissed.

### 3. Plaintiff's Implied Warranty Claim Fails for Lack of Privity.

Plaintiff claims the privity requirement for her implied warranty claim does not apply because she is a third-party beneficiary of the agreement between Polygroup and Amazon. Opp. at 18-19. But Plaintiff's argument relies on outdated case law. *Id*. (citing *Elward v. Electrolux Home Prods., Inc.*, 214 F. Supp. 3d 701 (N.D. Ill. 2016) and *R&L Grain Co. v. Chicago E. Corp.*, 531 F. Supp. 201 (N.D. Ill. 1981), which was relied on by the court in *Elward*). Courts "overwhelmingly refuse to follow *Elward's* 'reasoning'" because a plaintiff "'may not argue that she is a third-party beneficiary of [a defendant's] contracts with its dealers; Illinois law recognizes no such exception to the privity requirement.'" *Cho v. Hyundai Motor Co., Ltd.*, 636 F. Supp. 3d 1149, 1176 (C.D. Cal. 2022); *Gurrola v. Ford Motor Co.*, 774 F. Supp. 3d 959, 976 (N.D. Ill. 2025) (Declining to adopt *Elward*). Even if the exception applied, Plaintiff's vague claims that "Polygroup knew consumers, such as Plaintiff, would be the ultimate user of the Pools" and "knew

---

an express warranty and the enforceability of a limited remedies clause. *See* Opp. at 17. These cases have no bearing here because Polygroup has not argued that its express warranty renders Plaintiff's claims untimely, nor has it attempted to enforce a contractual limitation on remedies.

of customers' requirement[s]" are insufficient. Opp. at 18. The exception "does not contemplate [] a mundane relationship between manufacturer and end consumer" but rather is "about the requirements of a particular customer, not the requirements of consumers generally." *Gurrola*, 774 F. Supp. 3d at 978. "[T]he Illinois Supreme Court has 'hammered home the necessity of privity' for implied-warranty claims." *Id*. at 975. Plaintiff has no such privity.

**F.    Plaintiff Fails to State a Claim for Unjust Enrichment (Count VI).**

Plaintiff fails to address and therefore waives opposition to Polygroup's argument that the mere violation of a consumer's legal right to know about a product's risks, without anything more, cannot support a claim for unjust enrichment. Mot. at 16. Based on Plaintiff's waiver, and as detailed in the Motion, Plaintiff's claim should be dismissed. *Bonte*, 624 F.3d at 466; Mot. at 16.

**G.    Plaintiff's Claims Should Be Dismissed as Moot.**

Finally, Plaintiff's claims are moot because the CPSC-approved recall cured her alleged injury and she does not allege, beyond pure speculation, that the repair was inadequate. Plaintiff alleges only that she was "confused" by the repair instructions and speculates that it would have been ineffective. This is insufficient to state a claim. Mot. at 17-18. *Rivera* and *Workman* do not help her. Opp. at 19-20. In *Rivera*, the court had the benefit of expert discovery establishing the diminished value of plaintiff's vehicle when purchased and thus declined to dismiss the case as moot. *Rivera*, 2025 WL 1309536, at *3. In *Workman*, plaintiff sought damages for overpayment of his product beyond the repair, including for the "financial and temporal inconvenience" caused by the repair. *Workman v. Deere & Co.*, 2025 WL 2783558, at *7 (C.D. Ill. Sept. 30, 2025). Here, Plaintiff does not allege facts to support that the repair is ineffective and does not seek damages beyond the repair to cure the diminished value of her Pool. *Ward-Richardson v. FCA US LLC*, 690 F. Supp. 3d 1372, 1380 (N.D. Ga. 2023) (case was moot where recall cured all alleged harm and plaintiff failed to allege "more than the mere possibility" that the repair "will fail.").

## CONCLUSION

Accordingly, the Court should grant Polygroup's motion to dismiss.

Dated: March 5, 2026

Respectfully submitted,

By: */s/ Matthew L. Kutcher*
Matthew L. Kutcher (#6275320)
Jamie D. Robertson (#6345890)
Mariah A. Young (#6339861)
**COOLEY LLP**
110 N. Wacker Drive, Suite 4200
Chicago, IL 60606
Tel.: (312) 881-6500
mkutcher@cooley.com
jdrobertson@cooley.com
mayoung@cooley.com

Whitty Somvichian (*pro hac vice forthcoming*)
**COOLEY LLP**
3 Embarcadero Ctr 20th Floor
San Francisco, CA 94111
Tel.: (415) 693-2000
wsomvichian@cooley.com

*Counsel for Defendant*